Trent M. Gardner (I.D. # 7477)
Jeffrey J. Tierney (I.D. # 12989)
**GOETZ, BALDWIN & GEDDES, P.C.**
35 North Grand
P.O. Box 6580
Bozeman, MT 59771-6580
Phone: (406) 587-0618
Fax:     (406) 587-5144
Email:  tgardner@goetzlawfirm.com
        jtierney@goetzlawfirm.com

Joseph V. Womack (I.D. # 2641)
**WALLER & WOMACK, P.C.**
Suite 805 First Bank Building
303 North Broadway
Billings, Montana 59101
Telephone:  (406) 252-7200
Facsimile: (406) 252-4266
Email: jwomack@jvwlaw.com

Attorneys for Joseph V. Womack, Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JOHN HENRY SCHNEIDER**,<br><br>Debtor. | Case No. 14-61357 |
| **JOSEPH V. WOMACK, AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF JOHN HENRY SCHNEIDER,**<br><br>Plaintiff,<br><br>v.<br><br>**JOHN HENRY SCHNEIDER and MICHELLE R. SCHNEIDER;**<br><br>Defendants. | Adversary No. 17-____<br><br>COMPLAINT |

Joseph V. Womack, Chapter 7 Trustee for the Bankruptcy Estate of John Henry Schneider ("Trustee"), by and through counsel, states his causes of action and claims for relief against the above-captioned Defendants.

## INTRODUCTION

1. This is an action to remedy Defendants' breaches of the prior Settlement Agreement and Release to which the Trustee and Defendants were parties.

## PARTIES

2. Plaintiff Joseph V. Womack ("Trustee" or "Plaintiff") was appointed to serve as the Chapter 7 Trustee for the Bankruptcy Estate of John Henry Schneider ("Bankruptcy Estate") on December 4, 2014. Pursuant to 11 U.S.C. § 541, the debtor's assets have been transferred to the Bankruptcy Estate, which is administered by the Trustee.

3. John Henry Schneider is an individual and the debtor in the related bankruptcy case. John Henry Schneider ("Debtor") filed the present voluntary Chapter 7 petition on December 4, 2014.

4. Defendant Michelle R. Schneider ("Michelle Schneider" or "Michelle" and, collectively with Debtor, the "Defendants) is an individual and the wife of Debtor.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Further, pursuant to the Settlement Agreement, this Court has

"sole and exclusive jurisdiction to enforce" the Settlement Agreement. Doc. 340-1, p. 6, ¶ 5.

6. This action is a core proceeding within the meaning of 28 U.S.C. § 157(b).

7. Venue is proper pursuant to 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

8. The Trustee, Defendants and various other parties entered into a global settlement via execution of the Settlement Agreement and Release ("Settlement Agreement") (Doc. 340-1), dated May 16, 2016. The Settlement Agreement was approved by this Court on June 7, 2016 (Doc. 426).

9. The majority of the actions required by the Settlement Agreement have been accomplished. However, the Defendants have breached the Settlement Agreement in certain material respects.

10. A material term of the Settlement Agreement was the requirement that Defendants fully disclose all of their assets and liabilities. To that end, Defendants completed a list of all of their assets and liabilities and that list was attached to the Settlement Agreement as Exhibit A. Doc. 341-1, Exhibit A, p. 11.

11. In the Settlement Agreement, Defendants made the following representation:

> By signing this Agreement, Debtor and Michelle Schneider confirm that the representations made on the attached Exhibit A are materially true and correct to the best of their knowledge.

*Id.*, p. 4, ¶ 2.j.

## I. THE 2014 TAX REFUND.

12. On Exhibit A, Defendants represented a tax refund owed to them in the total amount of "63k." *Id.* In the Settlement Agreement, the Tax Refund was treated as follows:

> Debtor and Michelle Schneider are entitled to a tax refund for the year 2014 in the amount of $123,250 (the "Tax Refund"). The Tax Refund shall be split equally between the Trustee and Michelle Schneider.

*Id.*, p. 3, ¶ 2.h. Thus, the Estate was to receive $61,625.00 of the 2014 Tax Refund, as represented by Defendants.

13. Based on the representation of Defendants that the Estate would receive $61,625.00 from the Tax Refund, the Trustee made other concessions in reaching the Settlement Agreement. Of note, Trustee agreed to pay $110,000.00 of the funds in his attorneys' trust account (totaling approximately $350,000) to Michelle Schneider.

14. The Trustee would not have agreed to send money already in his control to Michelle Schneider absent the representations made by Defendants regarding the 2014 Tax Refund.

15. As it turns out, Defendants were not entitled to a $123,250 Tax Refund for the year 2014. The Tax Refund was based on the representation of Defendants in their filed 2014 tax returns of a prior $122,548 estimated tax payments.

16. The IRS determined that no such estimated payment had been made. Therefore, there was only a refund of $3,250 for 2014, not $123,250. Of course,

regardless of the returns they filed, Defendants knew they had not paid $122,548 in estimated tax payments.

## II. THE 2012 TAX REFUND.

17. The Settlement Agreement excluded any non-disclosed assets from the release given by the Estate/Trustee:

> In the event that an asset that should have been disclosed in the representations regarding assets referenced in this Agreement, or the debtor's schedules, is discovered, then the Schneider Parties are not released from liability with respect to claims to that asset and any costs that might be incurred in recovering said asset or its value as of the date of this Agreement from the non-disclosing party.

*Id.*, p. 5, ¶ 2.q.i.

18. On July 20, 2015, the IRS issued a refund to Defendants for the 2012 tax year in the amount of $22,287.89 (the "2012 Refund"). Defendants received and retained that money.

19. Despite the fact that the 2012 Refund was received during the pendency of Debtor's bankruptcy, Defendants never disclosed the 2012 Refund. Debtor never listed the 2012 Refund on his schedules and never informed the Trustee of its receipt. Further, Defendants did not disclose the 2012 Refund in Exhibit A to the Settlement Agreement.

20. Because the 2012 Refund was not previously disclosed, it is excluded from the releases given in the Settlement Agreement. The 2012 Refund is property of the Bankruptcy Estate and must be turned over.

### III.     IRRIGATION EQUIPMENT AT WHISPERING WINDS RANCH.

21.     As part of the Settlement Agreement, the Estate received the Whispering Winds Ranch – a ranch property in Wyoming.

22.     Around the time of the mediation and formation of the Settlement Agreement in early 2016, Defendants sold a substantial amount of irrigation pipe and equipment which was required for operation of the Whispering Winds Ranch.

23.     This sale of irrigation equipment was never disclosed to the Trustee and was not mentioned by Defendants in the Settlement Agreement or in any discussions leading to the Settlement Agreement.

24.     In order to market the Whispering Winds Ranch, Trustee was required to spend in excess of $20,000 to replace the irrigation equipment sold by Defendants.

25.     Pursuant to the Settlement Agreement, Trustee was to receive "all improvements, fixtures and appurtenances" to the Whispering Winds Ranch. *Id.*, p. 3, ¶ 2.c.  Defendants were only entitled to remove "household goods and personalty." *Id.*

26.     Regardless of timing, the sale of irrigation equipment was a breach of the Settlement Agreement. If the sale occurred after the Settlement Agreement, it was a breach because Defendants were not entitled to such property. If it occurred prior to the Settlement Agreement, it was a breach because the funds received were not disclosed. Further, if the sale occurred prior to the Settlement Agreement, the nondisclosure constituted fraud in the inducement.

## COUNT I – ACCOUNTING AND
## TURNOVER OF ESTATE PROPERTY

27. Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

28. The 2012 Refund is property of the Estate. Defendants have refused to turn over the 2012 Refund.

29. The proceeds from the sale of irrigation equipment off of the Whispering Winds Ranch are property of the Estate. Defendants have refused to turn over those proceeds.

30. The Court should order an accounting of all the referenced funds, order that such funds are property of the Estate, and order Defendants to turn over all such funds to the Trustee pursuant to 11 U.S.C. 542.

## COUNT II – BREACH OF CONTRACT

31. Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

32. Defendants breached the Settlement Agreement in, at minimum, the following ways:

   a. Representing entitlement to a $123,250 tax refund for 2014 when Defendants knew such representation was false or had no reasonable basis upon which to believe it was true;

   b. Failing to disclose receipt of the 2012 Refund; and

   c. Selling the irrigation equipment and failing to disclose such sale.

33. Trustee and the Estate have been harmed by Defendants' breach in an amount to be proven at trial. Trustee is also entitled to attorneys' fees and costs due to Defendants' breach.

## COUNT III – FRAUD IN THE INDUCEMENT

34. Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

35. In order to induce Trustee to enter into the Settlement Agreement, Defendants represented to Trustee that they were entitled to a $123,250.00 tax refund for the year 2014. In addition, by failing to disclose the sale of the irrigation equipment, Defendants created the false impression in the Trustee that he would not need to spend substantial monies replacing irrigation equipment on the Whispering Winds Ranch. This is a representation by omission.

36. The above representations were false.

37. The above representations were material to Trustee's consent to the Settlement Agreement. The Trustee agreed, as part of the settlement, to send Michelle Schneider $110,000.00 that he already had in his control. He would not have agreed to send Michelle that amount of money if he had known of the true facts.

38. Defendants knew that their representations were false and/or that their omission created a false impression.

39. Defendants intended for Trustee to rely on the false representations and the false impressions created by their omissions.

40. Trustee was ignorant of the falsity of the representations and the falsity of his impression created by Defendants' omission.

41. Trustee relied upon the false representations and the false impression created by Defendants' silence in entering into the Settlement Agreement.

42. Trustee had a right to rely on Defendants' representations and the impression created and perpetuated by the Defendants' omissions.

43. Trustee's reliance was justified.

44. As a result of the Defendants' fraud, Trustee has been damaged in an amount to be proven at trial.

## COUNT IV – NEGLIGENT MISREPRESENTATION

45. Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

46. In order to induce Trustee to enter into the Settlement Agreement, Defendants represented to Trustee that they were entitled to a $123,250.00 tax refund for the year 2014. In addition, by failing to disclose the sale of the irrigation equipment, Defendants created the false impression in the Trustee that he would not need to spend substantial monies replacing irrigation equipment on the Whispering Winds Ranch. This is a representation by omission.

47. The above representations were false.

48. The above representations were material to Trustee's consent to the Settlement Agreement. The Trustee agreed, as part of the settlement, to send Michelle Schneider $110,000.00 that he already had in his control. He would not

have agreed to send Michelle that amount of money if he had known of the true facts.

49. Defendants had no reasonable grounds to believe that their representations were true and/or that their omission would not create a false impression.

50. Defendants intended for Trustee to rely on the false representations and the false impressions created by their omissions.

51. Trustee was ignorant of the falsity of the representations and the falsity of his impression created by Defendants' omission.

52. Trustee relied upon the false representations and the false impression created by Defendants' silence in entering into the Settlement Agreement.

53. Trustee had a right to rely on Defendants' representations and the impression created and perpetuated by the Defendants' omissions.

54. Trustee's reliance was justified.

55. As a result of the Defendants' negligent misrepresentation, Trustee has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

1. An order of this Court that the 2012 Refund and the proceeds from the sale of the irrigation equipment are property of the Estate and for turnover;

2. An award of damages for Defendants' breach of contract, fraud and negligent misrepresentation in an amount to be proven at trial;

3. An award of prejudgment interest;

4. An award of attorneys' fees and costs pursuant to the provisions of the Settlement Agreement and to the extent allowed by applicable rule or law; and

5. Such other and further relief that the Court deems proper.

DATED this 14th day of June, 2017.

GOETZ, BALDWIN & GEDDES, P.C.

By: */s/Trent M. Gardner*
Trent M. Gardner/Jeffrey J. Tierney
Attorneys for Trustee Joseph V. Womack