James H. Cossitt (Mont. # 4773)
PO Box 1889
Kalispell, MT  59903-1889
Tel:  406-752-5616
Email: jhc@cossittlaw.com
ATTORNEY FOR DEBTOR

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br><br>JOHN HENRY SCHNEIDER,<br><br>Debtor. | Case #14-61357-7 |
| JOSEPH V. WOMACK,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN HENRY SCHNEIDER, et al,<br><br>Defendants. | Adversary # 17-21 |

## DEFENDANTS ANSWER,
## AFFIRMATIVE DEFENSES & COUNTERCLAIMS

COME NOW the Defendants, file this Answer, Affirmative Defenses & Counterclaims, and state:

## ANSWER TO GENERAL ALLEGATIONS

1. Defendants admit ¶ 1 but deny the existence of any breach.

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims                                Page 1 of 20

2. Defendants admit ¶ 2 but deny that assets have been "transferred to the Bankruptcy Estate"; the assets became property of the estate by operation of law, but there is no transfer.

3. Defendants admit ¶ 3 – 8 , 10, 11, 12, 17, 18, 21 and 25.

4. Defendants admit ¶ 9 but deny they have breached and deny any alleged breach is material.

5. Defendants deny ¶ 13, 14 and 15 for lack of knowledge sufficient to form a belief about the truth or falsity of the allegations.

6. Defendants deny ¶ 16 for lack of knowledge sufficient to form a belief about the truth or falsity of the allegations. With respect to what defendants knew about estimated payments, defendants state they were under a good faith belief, formed after consultation with accountants, as to the matters represented at the settlement meeting and on Exhibit A to the complaint.

7. Defendants deny ¶ 19 but admit the refund was received while the bankruptcy was pending and that it was not disclosed in Exhibit A to the Settlement Agreement.

8. Defendants deny ¶ 20 that the 2012 refund is property of the estate and must be turned over. They admit that a portion of it may be property of the estate, the portion that is described in In re Palmer,  --- B.R. ----, 2011 WL 890690 (Bkrtcy.D. Mont.), 107 A.F.T.R.2d 2011-1311  (Cite as: 2011 WL 890690 (Bkrtcy.D.Mont.)

9. Defendants admit ¶ 22 that some pipe was sold at or near the time of the settlement agreement; they deny the remainder of the allegations. The pipe was sold for $2,500.

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims                              Page 2 of 20

10. Defendants admit ¶ 23 that some pipe was sold at or near the time of the settlement agreement; they deny the remainder of the allegations.

11. Defendants deny ¶ 24 for lack of knowledge sufficient to form a belief about the truth or falsity of the allegations. Defendants deny that the trustee was required to spend over $20,000 to replace the pipe and, allege, that if he did so, it was to improve the system, not replace it.

12. Defendants deny ¶ 26.

## ANSWER TO COUNT I

13. For response to ¶ 27, Defendants restate their prior responses.

14. Defendants deny ¶ 28 that the 2012 refund is property of the estate and must be turned over. They admit that a portion of it may be property of the estate, the portion to that is described in In re Palmer, --- B.R. ----, 2011 WL 890690 (Bkrtcy.D.Mont.), 107 A.F.T.R.2d 2011-1311 (Cite as: 2011 WL 890690 (Bkrtcy.D.Mont.)

15. Defendants deny ¶ 29.

16. Defendants admit ¶ 30 in that the Court can order an accounting, but deny remainder.

## ANSWER TO COUNT II

17. For response to ¶ 31, Defendants restate their prior responses.

18. Defendants deny ¶ 32 for the reasons stated above.

19. Defendants deny ¶ 33.

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims                                Page 3 of 20

## ANSWER TO COUNT III

20. For response to ¶ 34, Defendants restate their prior responses.

21. Defendants deny ¶ 32 for the reasons stated above.

22. Defendants deny ¶ 35-44.

## ANSWER TO COUNT IV

23. For response to ¶ 45, Defendants restate their prior responses.

24. Defendants deny ¶ 46-55, for the reasons stated above.

## II.     AFFIRMATIVE DEFENSES

1. Plaintiff(s) has(ve) failed to state a claim upon which relief can be granted.

2. Plaintiff(s) is / are barred from any recovery by the doctrines of laches, estoppel & waiver.

3. Defendant('s') conduct is justified by business justifications.

4. Plaintiff(s) breached his / her / its / their contracts with Defendant(s) by failing to comply with the provisions therein; therefore, any performance required of Defendant(s) is excused.

5. Plaintiff(s) is / are barred from recovery because he / she / it / they failed to perform all conditions precedent as required by the contracts.

6. Plaintiff('s') contracts were obtained through misrepresentation and fraud.

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims                Page 4 of 20

7. Plaintiff(s) have / has unclean hands and is / are not entitled to equitable relief.

8. Plaintiff(s) has / have received payment for his / her / its / their claims.

9. Plaintiff('s') claims are subject to set-off.

10. Plaintiff(s) is / are barred from any recovery on the Complaint by virtue of his / her / its / their failure to mitigate any alleged damages and/or has / have not suffered any damages and due to the payment(s) received.

11. Defendant(s) has / have properly performed all provisions and covenants of its contracts with Plaintiff(s).

12. The trustee has breached his statutory and fiduciary duty to investigate under § 704(a)(4) and that failure is the basis for his claims.

13. Pursuant to FRCP 8(c), the following defenses apply:

a. assumption of risk;

b. contributory negligence;

c. failure of consideration;

d. fraud;

e. laches;

f. release;

g. waiver

h. Defendants expressly reserves the right to add additional affirmative defenses unknown at the time this Answer is prepared but which may become known through additional investigation and discovery. Defendant states that the affirmative defenses have plead to avoid any inadvertent waiver and if facts discovered via additional investigation and discovery eliminate the viability of those defenses they may be withdrawn no later than the time of the Final Pretrial Conference.

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims                                    Page 5 of 20

## COUNTERCLAIMS

These counterclaims are being plead as they are compulsory counterclaims under FRCP 13 and are required to be plead by the explicit language of FRBP 7013. In addition, the defendants believe that the Barton doctrine does not apply due the recent holdings in In re Yellowstone Mountain Club (Blixseth v. Brown), 841 F.3d 1090 (CA 9 2016) that: 1) Barton applies only to suits brought in a forum other than the bankruptcy court that appointed the officer; and 2) " . . . Barton applies to UCC members like Brown who are sued for acts performed in their official capacities. See In re Crown Vantage, 421 F.3d at 970. Any such suit must be brought in the bankruptcy court, or in another court only with the express permission of the bankruptcy court. Id. at 970–71."

That said, Defendants are filing a Barton motion contemporaneously with these counterclaims. The counterclaims are filed as part of this pleading to provide notice and Plaintiff is requested not to respond to them until the Court has ruled on the Barton motion.

## ALLEGATIONS COMMON TO ALL COUNTS

MSP & MSPM'S PARTICIPATION IN THE BANKRUPTCY CASE:

25. Sometime in 2014 MSP & MSPM and Schneider commenced and asserted claims against each other in case # 65-20-1400-0026 pending with the American Arbitration Association ("the MSP arbitration case").

26. On 12/4/14 John Schneider commenced this chapter 7 case by the filing of a voluntary petition. As a result of that petition, an estate was created and the automatic stay took effect instantly.

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims        Page 6 of 20

27. MSP and MSPM is or was a "creditor" of the debtor as defined in §101 (10) of the Code.

28. On 4/7/15, MSP & MSPM filed Proof of Claim #10 (POC #10) asserting a claim of $3,000,000.00 against the estate based on (see POC 10-1, page 4/4) the arbitration case:

> 2. Basis for Claim: Meridian Surgical Partners – Montana, LLC ("Meridian-Montana") asserted claims against Debtor John Schneider, M.D. in an arbitration proceeding. After that arbitration proceeding was consolidated with a separate but related arbitration proceeding involving Meridian-Montana and Meridian Surgical Partners, LLC ("Meridian"), Dr. John Schneider and numerous other parties filed a Joint Demand for Arbitration and subsequent Second Joint Demand for Arbitration against Meridian and Meridian-Montana. In that proceeding, Meridian and Meridian-Montana asserted certain Counterclaims against Dr. John Schneider. See, the Answering Statement and Counterclaims, attached as Exhibit "A". Those Counterclaims include claims for breach of the duty of loyalty and/or fiduciary duties to Meridian-Montana, breach of the express provisions of the ONI LLC Operating Agreement, and breach of the implied covenant of good faith and fair dealing inherent in the ONI LLC Operating Agreement. The amount of damages remains to be determined at trial. In their prayer for relief, claimants seek on their Counterclaims compensatory damages in an amount to be proven at trial and not less than $3,000,000.00, as well as all costs, expenses, and reasonable attorney's fees.

29. MSP and MSPM entered into an agreement with the Chapter 7 Trustee to settle the claims in the Proof of Claim and other matters.

30. The trustee filed a Motion to Approve Settlement and agreement at docket #342 and 342-1 respectively which was approved by the Court Order at docket #384.

31. The Settlement Agreement at docket # 342-1 provides in Recitals, ¶ C,, page 1-2 / 6, as follows:

> Montana. On or about July 14, 2015, the Trustee filed an Amended Complaint in the forgoing Adversary action wherein the Trustee is asserting the following claims:
>
> Count I – Substantive Consolidation, Count II – Reverse Piercing/Alter Ego, Count

32. The Settlement Agreement at docket # 342-1 provides in ¶ 2, page 3/6, as

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims                              Page 7 of 20

follows:

b. Meridian shall withdraw the Meridian POC in the Bankruptcy Case ("POC 10"), with prejudice. The Claim shall not be withdrawn until after the entry of a Final Order approving this Settlement, with no appeal having been taken or with the appeal having been favorably resolved in favor to the Trustee and Meridian;

c. Meridian and the Estate shall provide full mutual releases to each other, including a release by Meridian of all claims in the Arbitration between the Debtor/Estate and Meridian The Release of All Claims shall be drafted and construed to the broadest extent possible in order to fully and finally release and discharge:

   i. Any and all Pre-Petition claims that John Henry Schneider and/or the John Henry Schneider Bankruptcy Estate may have against Meridian, including but not limited to the $15 million claim disclosed on Debtor's Bankruptcy Schedules and Amended Bankruptcy Schedules;

   ii. Any and all Pre-Petition claims that Meridian may have against John Henry Schneider and/or the John Henry Schneider Bankruptcy Estate.

d. In the Arbitration proceeding described hereinabove, all of the claims of John Henry Schneider and/or the Bankruptcy Estate against Meridian shall be dismissed with prejudice. Similarly, all of Meridian's claims against John Henry Schneider and/or the Bankruptcy Estate of John Henry Schneider shall be dismissed with prejudice. Each party shall be responsible for its own costs, expenses and attorneys' fees. This Settlement and the Mutual Release shall not affect the remaining claims by or against Meridian or Schneider Limited Partnership, Michelle Schneider or Schneider Management, LLC, in the arbitration.

    33. On 6/11/16, MSP withdrew POC #10 (see POC docket #10-2).

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims      Page 8 of 20

## THE COLLECTION ADVERSARY PROCEEDING, CASE # 15-15, and THE TRUSTEE'S SETTLEMENT WITH THE SCHNEIDER PARTIES:

34. On 5/22/15, the trustee filed adversary proceeding #15-15 in the United States Bankruptcy Court for the District of Montana against a variety of parties.

35. On or about 7/14/15, the trustee filed an amended complaint at docket # 16.

36. Count I of the amended complaint asserted substantive consolidation claims in ¶¶ 89-99 and provided inter alia:

"COUNT I – SUBSTANTIVE CONSOLIDATION (Schneider LP, Schneider Management, and MedPort)
99. Trustee is therefore entitled to an order substantively consolidating Schneider LP, Schneider Management, and MedPort into Debtor's bankruptcy estate. The order should specifically state that consolidation is effective nunc pro tunc to the date of Debtor's bankruptcy filing. Further, the order should specifically state that Trustee is entitled to pursue any and all claims of action belonging to Schneider LP, Schneider Management and/or MedPort, including but not limited to actions for recovery of fraudulent transfers. . . . . . .

PRAYER FOR RELIEF . . . . . . . WHEREFORE, Plaintiff prays for: . . . . . . .

1. An order of this Court substantively consolidating into Debtor's estate Schneider LP, Schneider Management, and MedPort, nunc pro tunc to the date of Debtor's bankruptcy filing, as well as deeming any and all property of those entities the property of the bankruptcy estate and permitting the Trustee to pursue all claims and entitlements of said entities on behalf of the estate;"

37. Count II of the amended complaint asserted reverse piercing / alter ego claims in ¶¶ 100-108 and provided inter alia:

"COUNT II – REVERSE PIERCING/ALTER EGO (Schneider LP, Schneider Management, Medport, and BSC) . . .

108. Trustee is therefore entitled to an order that Schneider LP, Schneider Management, Medport and BSC are the alter egos of Debtor, and that the corporate shields be pierced in reverse. Trustee is further entitled to an order that, as the alter egos of Debtor, the assets of Schneider LP, Schneider Management, Medport and BSC are property of the bankruptcy estate available to Debtor's creditors, and that the Trustee is

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims                    Page 9 of 20

entitled to pursue any and all claims of action belonging to Schneider LP, Schneider Management, Medport and/or BSC, including but not limited to actions for recovery of fraudulent transfers.

PRAYER FOR RELIEF . . . . . . WHEREFORE, Plaintiff prays for:

2. An order of this Court that Schneider LP, Schneider Management, Medport, and BSC are the alter egos of the Debtor, and that the corporate shields as to those entities should be pierced in reverse, as well as deeming any and all property of those entities the property of the bankruptcy estate and permitting the Trustee to pursue all claims and entitlements of said entities on behalf of the estate;"

38. After a 2 day settlement conference in February 2016, the trustee filed Motions to Approve Settlements at docket #216 and 220, Meridian objected at dockets # 226 & 228 and the Court entered a provisional approval Order at docket #309 that imposed conditions.

39. The parties were unable to meet the conditions and John Schneider revoked his consent to the settlement at docket #325.

40. The trustee filed a Motion to Approve Settlement and agreement at docket #340 and 340-1 respectively which was approved by the Court Order at docket #426. The Settlement Agreement at docket # 340-1 provides:

> "2. . . . . .
> i. The Trustee and the Estate shall retain Debtor's individual claims against Meridian. Without waiving any defenses that Trustee/Estate shall have, Trustee/Estate shall assume responsibility for settlement of all costs and fees determined to be attributable to Trustee's/Estate's retention of John Schneider's individual claims against Meridian in the Arbitration.
>
> k. The Trustee shall convey to Michelle Schneider or her designee any and all interest the estate might have or claim to have in Schneider LP and Schneider Management by way of a sale pursuant to 11 U.S.C. § 363(f).
>
> l. The Trustee shall abandon any and all interest, if any, in claims that

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims                    Page 10 of 20

the estate might have against:

> i. Claims against any third party professionals who prepared or advised the Debtor on any matter prior to the commencement of the bankruptcy case
>
> ii. Claims of Schneider LP, Schneider Management, Medport, BSC, NRNS, and the Children's Trusts.
>
> iii. Claims against Meridian held by any of the Schneider Parties other than Debtor.
>
> iv. Medport, NRNS, and BSC;

n. The Parties stipulate that the causes of action asserted by the Trustee in AP 15 are all property of the bankruptcy estate, to the exclusion of any creditor, and shall request a finding of fact and conclusion of law to this effect by the court that approves this settlement. It shall be a condition precedent to this settlement that the court make such a finding and conclusion.

o. The Trustee shall request an order of the court that authorizes and directs the trustee not to share with any other person or entity any work product with respect to this adversary proceeding or discuss any aspect of this adversary proceeding with any other person or entity, other than what is reasonably necessary to obtain court approval or to otherwise comply with this agreement or the trustee's duties as a chapter 7 panel trustee, or except as otherwise compelled pursuant to a court order or enforceable subpoena.

5. Approval of Bankruptcy Court. . . . . . . All Parties agree that the Bankruptcy Court shall have sole and exclusive jurisdiction to enforce this Agreement."

41.  The Order of 6/7/16 at docket #426, approving the Compromise Settlement,

provides:

> IT IS FURTHER ORDERED that the causes of action asserted by the Trustee in AP 15-00015 are all property of the bankruptcy estate, to the exclusion of any creditor, and are deemed fully settled, on the merits, pursuant to this Order.
>
> IT IS FURTHER ORDERED that the Trustee shall not share with any other person or entity any work product with respect to this AP 15-00015 or discuss any

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims                                    Page 11 of 20

aspect of this adversary proceeding with any other person or entity, other than what is reasonably necessary to obtain court approval or to otherwise comply with Settlement Agreement and Release, or to comply with the Trustee's duties as a chapter 7 panel trustee, or except as otherwise compelled pursuant to a court order or enforceable subpoena.

42. The Order at #426 binds all creditors and parties in interest, is the law of the case and is res judicata on the ownership and continued existence of the claims.

43. The alter ego findings and award contained in the Interim Arbitration Award (see ¶ 34 above) are based on, arise out of and / or are the same claims asserted by the trustee in Counts I and II of Adversary #15-15.

44. The claims asserted by the trustee in Adversary #15-15 were:

  a. owned exclusively by the bankruptcy estate from 12/4/14 until 6/23/16; and

  b. owned by the bankruptcy estate to the exclusion of any creditor; and

  c. dismissed with prejudice by both the Bankruptcy Court and the US District Court, case 1:15-cv-00097-SPW-RBK, docket # 45 filed 06/23/16;

  d. after dismissal, ceased to exist.

THE MSP ARBITRATION CASE & AWARD:

45. On 06/07/2016, MSP moved to Limit and Exclude Testimony, to Adopt Adverse Inferences, and for Sanctions against SLP and argued that the arbitrator should order that "Dr. Schneider and SLP are one and the same and SLP is the alter ego of Dr. Schneider."

46. The MSP Arbitration was held from June 15 to 24, 2016.

47. On 10/28/16 the arbitrator entered Findings of Fact, Conclusions of Law and

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims        Page 12 of 20

Interim Award ("the Interim Award").

48. In the Interim Award, at the Conclusion of Law § C, the arbitrator concluded that SLP is an alter ego of John Schneider:

> 24. The law and the evidence support the conclusion that Claimant Schneider Limited Partnership is the alter ego of Dr. Schneider and that Respondents' claims are not barred by the Bankruptcy Court Settlement. *See* Findings 282-312 above.

49. MSP and MSPM continue to assert the claims in the arbitration proceeding.

50. Meridian has asserted that the settlement agreement does not apply to it, as counsel for Meridian noted in a letter dated 6/26/17:

> The June 7, 2016 Order (Doc. No. 426) referenced in your motion and complaint provides that the Trustee's causes of action are property of the estate, "to the exclusion of any creditor." What you have ignored is that by June 7th, Meridian was not a creditor of Dr. Schneider. That claim had been settled. As part of the May 18, 2016 settlement, Meridian withdrew its claim. Furthermore, Meridian released the Bankruptcy Estate and Dr. Schneider individually from any claim. The Bankruptcy Estate also released Meridian. The Court's Order (426) had no effect upon Meridian. It was not a party to the motion or order and it was not a creditor of the Estate when the Order was entered. Furthermore, as you know, Meridians' counterclaims did not include any claims for substantive consolidation or alter ego/veil piercing.

51. In addition, MSP has asserted it is free to pursue collection of the arbitration award based on the same legal theories the trustee used in Adversary #15-15. In the Motion to Dismiss filed in Adversary #17-16, at docket #5, on page 4, MSP asserts:

> [1] The arbitration award is only against SLP. However, if Meridian subsequently discovers that SLP fraudulently transferred assets, Meridian reserves the right to pursue those assets.

52. As Meridian believes it is not bound by the settlement agreement and has somehow "reserved the right to pursue" the same claims the trustee raised in Adversary #15-15, the Schneider parties believe the trustee has breached the Schneider Settlement

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims          Page 13 of 20

and / or that the settlement is void and should be rescinded.

## COUNT I – BREACH OF CONTRACT / SETTLEMENT AGREEMENT

53.    Defendants reallege and replead ¶¶ 1-52.

54.    The Schneider parties willingness to enter into the settlement agreement was based on the ability of the trustee and the bankruptcy court system to provide comprehensive finality and bind all creditors and parties in interest to the terms of the Schneider party settlement agreement.

55.    Throughout the settlement conferences and the process of obtaining judicial approval, the trustee and counsel repeatedly assured the Schneider's that the settlement would bring comprehensive finality to all of the claims raised in case # 15-15 to the exclusion of all other creditors.  See docket #340, page 17/20, § III.

56.    Given the present stance of Meridian, that it is not bound by the settlement agreement, the trustee has failed to deliver on his end of the agreement and the bargained for consideration has failed.

57.    Given the present stance of Meridian, the trustee has breached the agreement, the trustee was notified of the breach on 5/9/17 and has taken no action whatsoever to cure it.

58.    As a result of the breach, the Schneider's have been damaged.   In addition, they have had to retain counsel to enforce the agreement against Meridian  and otherwise obtain the benefit of the bargain they reached.

WHEREFORE, Defendant(s) demand(s) judgment against Plaintiff(s), as follows:

a.    that the trustee has breached the agreement; and

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims                                           Page 14 of 20

b. as a result of the breach, the Defendants have been damaged in an amount to be determined by the Court; and

c. that any damage award be allowed as an administrative expense per § 503(b); and

d. for costs of suit and a reasonable attorney fee.

## COUNT II – NEGLIGENCE

59. Defendants reallege and replead ¶¶ 1-58.

60. The Schneider parties willingness to enter into the settlement agreement was based on the ability of the trustee and the bankruptcy court system to provide comprehensive finality and bind all creditors and parties in interest.

61. The trustee and counsel repeatedly assured the Schneider's that the settlement would bring comprehensive finality to all of the claims raised in case # 15-15 to the exclusion of all other creditors.  See docket #340, page 17/20,  § III.

62. The Schneider parties relied on the assurances by the trustee and counsel and provided their consent to the agreement based on those assurances.

63. Given the present stance of Meridian, that it is not bound by the settlement agreement, the trustee has failed to deliver on his end of the agreement.

64. Given the present stance of Meridian, the trustee and / or counsel  was negligent in failing to seek and obtain court approval that would bind Meridian.

65. The trustee filed a motion to shorten the notice period for the Meridian settlements at  docket #356 which failed to disclose that one of the impacts or consequences would be that Meridian would argue it was not bound by the Schneider settlement, see ¶ 50 above.

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims					Page 15 of 20

66. The Court approved the motion at #356 by Order at #360.

67. The failure of the trustee and / or counsel to consider, identify and disclose the risk of not binding Meridian was negligence, breach of the duty of care and breach of fiduciary duty to all creditors and parties in interest and the Schneider parties.

68. As a result of the negligence, the Schneider's have been damaged. In addition, they have had to retain counsel to enforce the agreement against Meridian and otherwise mitigate their damage as a result of the trustee's negligence.

69. The creditors of this estate have also been damaged as the trustee will incur administrative expense to address and respond to this claim.

WHEREFORE, Defendant(s) demand(s) judgment against Plaintiff(s), as follows:

a. that the trustee was negligent; and

b. as a result of the negligence, the Defendants have been damaged in an amount to be determined by the Court; and

c. that any damage award be allowed as an administrative expense per § 503(b); and

d. for costs of suit and a reasonable attorney fee.

### COUNT III – NEGLIGENT MISREPRESENTATION

70. Defendants reallege and replead ¶¶ 1-69.

71. In order to induce the Schneider parties to enter into the settlement agreement , the trustee and counsel represented to the Schneider's that the trustee and the bankruptcy court system to provide comprehensive finality and bind all creditors and parties in interest to the terms of the Schneider settlement.

72. The trustee and counsel repeatedly assured the Schneider's that the

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims                                   Page 16 of 20

settlement would bring comprehensive finality to all of the claims raised in case # 15-15 to the exclusion of all other creditors. See docket #340, page 17/20, § III.

73. Given the present stance of Meridian, that it is not bound by the settlement agreement, the representations by the trustee were false.

74. The representations by the trustee and counsel were material to the Schneider's consent to the Settlement Agreement.

75. Plaintiffs intended for the Schneider's to rely on the negligent representations and impressions created by their statements.

76. Schneider's did rely on the negligent representations and false impressions created and perpetuated by the trustee and counsel.

77. The Defendants reliance was justified.

78. Given the present stance of Meridian, the trustee and / or counsel made negligent representations to the Schneider's about the effect and the impact of the terms of the settlement agreement in § III of docket #340.

79. As a result of the negligence, the Schneider's have been damaged. In addition, they have had to retain counsel to enforce the agreement against Meridian and otherwise mitigate their damage as a result of the trustee's negligence.

WHEREFORE, Defendant(s) demand(s) judgment against Plaintiff(s), as follows:

a. that the trustee was negligent; and

b. as a result of the negligence, the Defendants have been damaged in an amount to be determined by the Court; and

c. that any damage award be allowed as an administrative expense per § 503(b); and

d. for costs of suit and a reasonable attorney fee.

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims    Page 17 of 20

## COUNT IV – FRAUD IN THE INDUCEMENT

80. Defendants reallege and replead ¶¶ 1-79.

81. In order to induce Schneider's to enter into the Settlement Agreement, Plaintiff represented to Schneider's that:

   a. the estate was the sole and exclusive owner of all the claims in Adversary # 15-15;

   b. the settlement would be binding on all creditors and parties in interest;

   c. the settlement would cut off the ability of any party to bring such claims in the future.

82. In addition, by failing to obtain this sort of finality, the trustee / plaintiff created the false impression in the Schneider's that they would not need to spend substantial monies to enforce the terms of the settlement agreement. This is a representation by omission.

83. The above representations were false.

84. The above representations were material to Schneider's consent to the Settlement Agreement. The Schneider's agreed to the settlement in reliance on this comprehensive finality and would not have done so if they had known of the true facts.

85. Plaintiff knew that their representations were false and/or that their omission created a false impression.

86. Plaintiffs intended for Defendants to rely on the false representations and the false impressions created by their omissions.

87. Defendants were ignorant of the falsity of the representations and the falsity

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims                Page 18 of 20

of his impression created by Defendants' omission.

88.     Defendants relied upon the false representations and the false impression created by Plaintiff in entering into the Settlement Agreement.

89.     Defendants had a right to rely on Plaintiff's representations and the impression created and perpetuated by the Plaintiffs' omissions.

90.     Plaintiffs reliance was justified.

91.     As a result of the Plaintiff's fraud, Defendants have been damaged in an amount to be proven at trial.

WHEREFORE, Defendant(s) demand(s) judgment against Plaintiff(s), as follows:

a.      that the trustee engaged in fraud in the inducement; and

b.      as a result of the fraud, the Defendants have been damaged in an amount to be determined by the Court; and

c.      that any damage award be allowed as an administrative expense per § 503(b); and

d.      for costs of suit and a reasonable attorney fee.

Dated: July 18, 2017                           */s/ James H. Cossitt*
                                               James H. Cossitt (Mont. # 4773)

Original filed via ECF

**Pursuant to FRBP 7005 & 9014 (b) and FRCP 5(b)(2)(D) all parties noted in the Court's ECF transmission facilities have been served via ECF.**

**The following have been served by mail:**   none

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims                    Page 19 of 20

## CERTIFICATE OF SERVICE BY MAIL / ECF

This document was served pursuant to FRBP 7004, 9001(8), 9013, 9014(b): 1) by mail, in envelopes addressed to each of the parties at the addresses above; and/or 2) by electronic means, pursuant to LBR 7005-1, 9013-1(d) and 9036-1 on the parties noted in the Court's ECF transmission facilities, on July 18, 2017. The undersigned declares, under penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

/s/ *James H. Cossitt*

L:\Clients\JHC\Schneider\17-21 - TT v. S\d\2017-07-17 - Answer, AD & CC.docx
Revised 7/18/2017 20:53 JHC

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Answer, Affirmative Defenses and Counterclaims    Page 20 of 20