James H. Cossitt (Mont. # 4773)
PO Box 1889
Kalispell, MT  59903-1889
Tel:  406-752-5616
Email: jhc@cossittlaw.com
ATTORNEY FOR DEBTOR

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br><br>   JOHN HENRY SCHNEIDER,<br><br>   Debtor. | Case #14-61357-7 |
| JOSEPH V. WOMACK,<br><br>     Plaintiff,<br><br>vs.<br><br>JOHN HENRY SCHNEIDER, et al,<br><br>     Defendants. | Adversary # 17-21 |

## DEFENDANTS MOTION FOR LEAVE TO ASSERT COUNTERCLAIMS AGAINST TRUSTEE AND ESTATE

COME NOW   the Defendants,  and file this Motion for Leave to Assert Counterclaims against the trustee under § 323(b),  FRBP 6009 and 28 USC § 959(a) and state:

### MOTION FOR LEAVE

1. The trustee commenced this action on 6/14/17 by filing a complaint.

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Motion for Leave to Assert Counterclaims & Brief                                              Page 1 of 4

2. Defendants filed an Answer, Affirmative Defenses and Counterclaims.

3. Defendants do not believe the Barton doctrine applies to the assertion of counterclaims, but file this motion out of abundance of caution and to provide the court with the full range of power to function as a "gatekeeper" should it desire to do so.

## BRIEF IN SUPPORT OF MOTION FOR LEAVE

These counterclaims are being plead as they are compulsory counterclaims under FRCP 13 and are required to be plead by the explicit language of FRBP 7013. In addition, the defendants believe that the Barton doctrine does not apply due the recent holdings in In re Yellowstone Mountain Club (Blixseth v. Brown), 841 F.3d 1090 (CA 9 2016) that: 1) Barton applies only to suits brought in a forum other than the bankruptcy court that appointed the officer; and 2) " . . . Barton applies to UCC members like Brown who are sued for acts performed in their official capacities. See In re Crown Vantage, 421 F.3d at 970. Any such suit must be brought in the bankruptcy court, or in another court only with the express permission of the bankruptcy court. Id. at 970–71."

In addition, 28 USC § 959(a) explicitly authorizes trustees to be sued with respect to carrying on business related to estate property. At docket #431 in the main case, the trustee sought authority to operate Whispering Winds Ranch (WWR) as a business and the Court approved the authority at docket # 433.

That said, Defendants are filing a Barton motion contemporaneously with these counterclaims. The counterclaims are filed as part of this pleading to provide notice and Plaintiff is requested not to respond to them until the Court has ruled on the Barton motion.

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Motion for Leave to Assert Counterclaims & Brief                    Page 2 of 4

WHEREFORE, the Defendants request this Motion be granted and the Court enter an Order:

a.  Granting the motion;

b.  Granting leave to file all counterclaims; and

c.  Ordering the trustee to file a responsive pleading within 10 days of the Order granting this motion; and

d.  for such other & further relief as is just & equitable pursuant to FRCP 54(c).

_____

## NOTICE OF OPPORTUNITY TO RESPOND
## AND REQUEST A HEARING

If you object to this motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of this motion. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:

**NOTICE OF HEARING**
**Date:** _____
**Time:** _____
**Location:** _____

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

_____

Dated: July 18, 2017                            */s/ James H. Cossitt*
                                                James H. Cossitt (Mont. # 4773)

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Motion for Leave to Assert Counterclaims & Brief                Page 3 of 4

Original filed via ECF

**Pursuant to FRBP 7005 & 9014 (b) and FRCP 5(b)(2)(D) all parties noted in the Court's ECF transmission facilities have been served via ECF.**

**The following have been served by mail:**   none

CERTIFICATE OF SERVICE BY MAIL /  ECF

This document was served pursuant to FRBP 7004, 9001(8), 9013, 9014(b):  1) by mail, in envelopes addressed to each of the parties at the addresses above; and/or  2) by electronic means, pursuant to LBR 7005-1, 9013-1(d) and 9036-1 on the parties noted in the Court's ECF transmission facilities, on July 18, 2017.  The undersigned declares, under penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

/s/ *James H. Cossitt*

L:\Clients\JHC\Schneider\17-21 - TT v. S\d\2017-07-18 - D Barton motion.docx
Revised   7/18/2017 21:13     JHC

In re: Schneider, chapter 07#14-61357
Womack v Schneider AP 17-21
Defendants Motion for Leave to Assert Counterclaims & Brief                              Page 4 of 4