Trent M. Gardner (I.D. # 7477)
Jeffrey J. Tierney (I.D. # 12989)
**GOETZ, BALDWIN & GEDDES, P.C.**
35 North Grand, P.O. Box 6580
Bozeman, MT  59771-6580
Phone: (406) 587-0618, Fax: (406) 587-5144
Email:  tgardner@goetzlawfirm.com
         jtierney@goetzlawfirm.com

Joseph V. Womack (I.D. # 2641)
**WALLER & WOMACK, P.C.**
Suite 805 First Bank Building, 303 North Broadway
Billings, Montana 59101
Telephone:  (406) 252-7200, Facsimile: (406) 252-4266
Email: jwomack@jvwlaw.com

Attorneys for Joseph V. Womack, Trustee

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re:<br><br>**JOHN HENRY SCHNEIDER**,<br><br>    Debtor. | Case No. 14-61357 |
| **JOSEPH V. WOMACK, AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF JOHN HENRY SCHNEIDER,**<br><br>    Plaintiff,<br>v.<br>**JOHN HENRY SCHNEIDER and MICHELLE R. SCHNEIDER,**<br><br>    Defendants. | Adversary No. 17-21<br><br><br><br>MOTION TO DISMISS COUNTERCLAIMS and BRIEF IN SUPPORT |
| **JOHN HENRY SCHNEIDER and MICHELLE R. SCHNEIDER;**<br><br>    Counterclaimants,<br>v.<br>**JOSEPH V. WOMACK, AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF JOHN HENRY SCHNEIDER,**<br><br>    Counter-defendant. | |

Joseph V. Womack, Chapter 7 Trustee for the Bankruptcy Estate of John Henry Schneider, moves pursuant to FED. R. CIV. P. 12(b)(6) and FED. R.'S BANKR. P. 7012(b) to dismiss Defendants' counterclaims for failure to state a claim upon which relief can be granted. This motion is supported by the following brief.

## INTRODUCTION

The Trustee brought this adversary proceeding to assert various claims against Defendants John and Michelle Schneider ("Schneiders") based on alleged misrepresentations and omissions about estate property, which resulted in its exclusion from the Schneiders' global settlement and breaches of the settlement agreement. Schneiders respond with a series of *tu quoque* counterclaims, to deflect from and excuse their conduct by alleging that the Trustee wrongfully induced them to enter the settlement and failed to uphold his end of the bargain too.

Apart from the factual merits, there are several material differences between the Trustee's claims and the Schneiders' counterclaims. The counterclaims fail to account for the Trustee's immunity from suit as an agent of the bankruptcy system, run afoul of the parol evidence rule, and otherwise fail to make out any viable claim for relief. A simple reading of the settlement agreement shows that the counterclaims lack merit and are contrary to the actual terms of the agreement.

The Trustee's motion should be granted.

## DISCUSSION

### I.   RULE 12(b)(6) STANDARDS:

Under Rule 12(b)(6), as applied to bankruptcy adversary proceedings by Rule

7012, the Court must dismiss a case or cause of action that fails to state a claim upon which relief can be granted. When a party asserts a claim that lacks "facial plausibility" sufficient for the Court to "draw the reasonable inference that the defendant is liable for the alleged misconduct[,]" dismissal is proper. *In re Shafer*, No. 07-61297-13, 2013 WL 1197612, at *2 (Bankr. D. Mont. Mar. 25, 2013) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). The *Twombly/Iqbal* "plausibility" test supersedes the traditional and far more forgiving "no set of facts" test formulated by *Conley v. Gibson*, 355 U.S. 41 (1957). 2 Moore's Fed. Practice § 12.34[1][a] (2017).

Dismissal may be premised upon either a "lack of a cognizable legal theory" or the absence "of sufficient facts alleged under a cognizable legal theory…" in light of the applicable pleading standards. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008); *see also In re Bors*, No. LA-10-55089, 2012 WL 6575171, at *7 (9th Cir. B.A.P. Dec. 17, 2012) (slip copy) (dismissal is proper if the claimant fails to allege facts supporting each essential element).

While courts must accept all "well-pled" facts alleged by the non-movant, they "need not accept as true conclusory allegations, unwarranted deductions of fact, or legal characterizations cast in the form of factual allegations." *Bors* at *6 (citing *Twombly,* 550 U.S. at 555–56). Mere "threadbare recitals" of the elements of a claim are insufficient to resist dismissal. *Iqbal*, 556 U.S. at 665. Moreover, the Court need not credit allegations that are contradicted by materials attached to, or referenced by, the allegations, *Colony Cove Prop.'s, LLC v. City of Carson,* 640 F.3d 948, 955

(9th Cir. 2011), such as the settlement agreement at issue here (No. 14-61357, Doc. 340-1). The Court is also free to reject allegations contradicted by matters subject to judicial notice, *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001), such as the filings in the adversary proceeding in which the settlement occurred (No. 15-00015 ) and the main bankruptcy case (No. 14-61357).

## II. SCHNEIDERS' COUNTERCLAIMS ARE BARRED BY THE DOCTRINE OF DERIVED QUASI-JUDICIAL IMMUNITY.

Under federal law, bankruptcy trustees and their counsel are "entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order." *In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009) (citations omitted). So-called "derived quasi-judicial immunity" is "essential to the orderly administration of bankruptcy proceedings" and avoids the "unacceptably high risk of turning trustees into…lightning rods for harassing litigation…." *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir. 1999) (citations omitted).

Immunity attaches when an officer of the court performs acts involving the "exercise of discretion in resolving disputes." *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002). For bankruptcy trustees, that means all functions "essential to the authoritative adjudication of private rights to the bankruptcy estate." *Id.* at 951 (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993)). Under the Ninth Circuit's formulation, a trustee is performing a privileged function, and entitled to immunity, when: (1) the acts are within the scope of the trustee's authority; (2) the debtor has notice of the proposed acts; (3) the trustee candidly discloses the proposed acts to the court; and (4) the court approved them. *Harris*, 590 F.3d at 742.

Based on these criteria, *Harris* affirmed dismissal of claims brought by a debtor against his bankruptcy trustee alleging that the manner in which the trustee was administering estate assets amounted to a breach of the trustee's and debtor's settlement agreement. *Id.* Schneiders' claims fail for essentially the same reasons.

The Trustee is an officer of the Court, operating under its authority and supervision, whose principal charge is to marshal the assets of the estate for the benefit of the estate's creditors. *See* 11 U.S.C. § 704(a)(1). In service of that charge, the Trustee exercised his discretion to negotiate and achieve a resolution of the estate's disputes with the Schneiders upon certain agreed terms, which the Trustee deemed likely to maximize the net recovery and which were acceptable to the Schneiders. Those terms were then reduced to writing, vetted by counsel, signed by the parties, submitted to the Court for approval, and approved. *See* No. 14-61357, Docs. 340 (agreement and motion to approve) and 426 (order approving settlement).

This is a classic example of the type of situation where a bankruptcy trustee seeks the imprimatur of the Court in order to validate and assure the exercise of the trustee's delegated discretion "as to matters which involve difficult questions of judgment." *Mailman Steam Carpet Cleaning*, 196 F.3d at 8 (*quoting Mosser v. Darrow*, 341 U.S. 267, 274 (1951)). Quasi-judicial immunity attaches upon court approval and "shield[s] the trustee from personal liability…." *Id.*

The same is true of the Schneiders' allegations regarding the efficacy of the Trustee's effort to seek and secure an order about the ownership of the Trustee's claims and the finality of the settlement. Schneiders had notice of what the Trustee

was going to do because they negotiated and agreed to—in fact, insisted upon—that procedure. *See* No. 14-61357, Doc. 340-1, p. 5, ¶ n. The Trustee then did what Schneiders demanded by addressing this issue in his motion to approve the settlement. *See* No. 14-61357, Doc. 240, p. 17 (quoting the settlement agreement). The Court then approved what the Schneiders demanded by incorporating the agreed-upon language into the Court's order approving the settlement. *See* No. 14-61357, Doc. 426, p. 3. Schneiders cannot now be heard to complain that they did not receive what they were expecting. They got exactly what they asked for and agreed to, and the Court's approval insulates the Trustee against liability.

So too for the allegations of negligence based on the Trustee's motion to shorten the period to object to the settlement. The Trustee was, again, acting within his delegated authority to marshal assets and administer the estate. The Trustee provided written notice of what he intended to do and why, which was then approved by the Court. *See* Case No. 14-61357, Docs. 356 and 361.

Grievances about the Trustee's performance of his official functions, done openly and upon notice, with the agreement of the Schneiders and with the Court's approval, are not actionable. The doctrine of derived quasi-judicial immunity shields the Trustee from such "harassing litigation" arising from the discharge of his duties, so Schneiders' claims are subject to dismissal.

### III. SCHNEIDERS FAIL TO ALLEGE SUFFICIENT ADMISSIBLE FACTS TO MAKE OUT A CLAIM UNDER ANY THEORY BECAUSE ALL OF THEIR CONTENTIONS VIOLATE THE PAROL EVIDENCE RULE.

Apart from the legal bar posed by the Trustee's derived quasi-judicial

immunity, Schneiders' counterclaims are also subject to dismissal because they fail to allege well-pled facts sufficient to make out a claim for relief.

The gist of Schneiders' counterclaims is that they were induced to enter the settlement agreement based on purported extra-contractual promises and representations. This theory stumbles because a party cannot avoid dismissal by resort to allegations that depend on inadmissible evidence. *Cohen v. U.S.*, 129 F.2d 733, 736 (8th Cir. 1942) (deference to the pleader's allegations on a Rule 12 motion does not apply to "fact inadmissible in evidence…."); *see also Frat'l Order of Police Hobart Lodge No. 121, Inc. v. City of Hobart*, 864 F.2d 551 (7th Cir. 1988) (affirming dismissal where claim was predicated on inadmissible evidence); *Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. and C.V.*, 384 F.Supp.2d 1334, 1352 (S.D. Iowa 2005) (a party cannot defeat a Rule 12 motion "by asserting inadmissible or clearly false facts." (*citing Duhame v. U.S.*, 119 F. Supp. 192, (Ct. Fed. Cl. 1954)).

Schneiders' allegations about extra-contractual assurances and obligations run afoul of the parol evidence rule, precluding the relief they seek. Under Montana law,[1] "[t]he execution of a contract in writing…supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." § 28-2-904, MCA; *Deschamps v. Treas. State Trailer Ct.*, 2010 MT 74, 356 Mont. 1, 230 P.3d 800 (rejecting claims for breach, negligent misrepresentation, and fraud based on expectations not expressed in the final writing); *see also* § 28-2-905, MCA ("Whenever the terms of an agreement have been reduced to

---

[1] The parol evidence rule is not a rule of evidence but a substantive law, Hon. Barry Russell, Bankr. Evid. Manual § 9:1 (2014 ed.), so Montana law controls this issue.

writing by the parties, it is to be considered as containing all those terms.").

Montana's parol evidence rule does carve out a limited exception for fraud in the inducement—one of Schneiders' four counterclaims—but the exception is narrowly drawn. As explained in *Deschamps, supra*, even when parol evidence is offered to prove fraud, the "exception only applies when the alleged fraud does not relate directly to the subject of the contract." *Id.*, ¶ 29 (quoting *Sherrod v. Morrison-Knudsen Co.*, 249 Mont. 282, 815 P.2d 1135 (1991)). When the alleged fraud *does* relate directly to the subject of the contract, and the allegations are contrary to the written terms, as they are here, the parol evidence rule bars a party from claiming fraud to escape the consequences of their agreement. *Id.* In other words, Schneiders' allegations about fraudulent representations regarding the parties' respective obligations under the settlement agreement and the effect thereof, are inadmissible. The Trustee did exactly what was promised in writing, and Schneiders cannot conjure up new obligations after the fact.

After eliminating the counterclaim allegations that are not well-pled—i.e. those that depend on parol evidence, threadbare recitals of the elements, and conclusions contrary to the language of the settlement agreement, the motion to approve, and the Court's order approving it—essentially nothing is left. Having failed to offer well-pled allegations supporting each element of their causes of action, Schneiders' claims are defective and subject to dismissal.

### IV. SCHNEIDERS' COUNTERCLAIMS OTHERWISE FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In addition to the legal bars posed by the Trustee's immunity and the parol

evidence rule, Schneiders' counterclaims fail to make out a prima facie claim for relief under the governing substantive law due to a variety of claim-specific defects.

### A. Schneiders' claim for breach of contract (Count I) fails to state a claim because the Trustee upheld his contractual obligation.

Schneiders' breach-of-contract counterclaim alleges the Trustee breached the settlement agreement because one of Debtor's creditors, Meridian, has taken the position that it is not bound by the settlement agreement and the Trustee has taken no action to cure the situation. Doc. 7, ¶ 57. There is no cognizable claim for breach of this alleged contractual duty because no such duty exists under the contract.

A contract claim is properly dismissed when there is "no contractual obligation" underlying the alleged breach. *OFC Capital v. AT Pub.*, 318 Fed. App.'x 481, 482 (9th Cir. 2008) (the parties to a contract "assume toward each other no duties whatsoever besides those the contract imposes."); *see also Sanchez v. Aerovias De Mexico, S.A. de C.V.*, 590 F.3d 1027, 1030 (9th Cir. 2010) (affirming dismissal of claims for breach of contract and implied covenants because there was "no contractual obligation" so there could be no breach).

The construction and interpretation of a contract is a question of law reserved for the Court. *Ophus v. Fritz*, 2000 MT 251, ¶ 19, 301 Mont. 447, 11 P.3d 1192. If the language of the contract is clear, and cannot support the relief requested, it is the Court's duty to apply the contract and dismiss the claim. *See Harris v. St. Vincent Health.*, 2013 MT 207, ¶¶ 13–31, 371 Mont. 133, 305 P.3d 852; *Nordlund v. Sch. Dist. No. 14*, 227 Mont. 402, 404–06, 738 P.2d 1299, 1300–02 (1987).

The settlement agreement in this case (No. 14-61357, Doc. 340-1), as agreed

to by Schneiders and approved by this Court, imposes no duty upon the Trustee to stop other parties from pursuing claims or asserting their claimed legal rights, or attempting to "cure" the situation once they do. The only contractual duty Schneiders point to is the Trustee's duty to seek a finding from the Court that the causes of action asserted by the Trustee were the exclusive property of the Estate and were fully and finally resolved. The Trustee did so (*see* Doc. 340, p. 17) and the Court so ordered (*see* Doc. 426, p. 3). The only contractual obligation Schneiders can identify was discharged. Whether Meridian's claims fall within the scope of the settlement agreement and the Court's order approving it is between Meridian and Schneiders. It does not implicate any contractual obligations of the Trustee.

The Trustee performed the only contractual duties he had, so Schneiders' contract claim seeks to impose new duties outside the scope of the settlement agreement. As discussed above, such theories are barred by the parol evidence rule so the breach-of-contract claim is subject to dismissal.

### B. Schneiders' claim for negligence (Count II) fails to state a claim upon which relief can be granted because there is no legal duty and the alleged breach is contradicted by matters subject to judicial notice.

The existence of a legal duty is an essential element of a negligence claim. *Dobrocke v. City of Columbia Falls*, 2000 MT 179, ¶ 28, 300 Mont. 348, 8 P.3d 71. While the factual components of a negligence claim are ordinarily not susceptible to early adjudication, duty is a pure question of law. *Id.* (citations omitted).

Schneiders do not allege any such duty, which renders their negligence claim facially defective.

To the extent some duty can be inferred from the Schneiders' allegations that the Trustee negligently "fail[ed] to seek and obtain court approval that would bind Meridian[,]" there is no such duty under the law. And, as explained above and illustrated by the Trustee's motion and the Court's corresponding order approving the settlement, any duty the Trustee might have been under in this regard was discharged. Schneiders' allegations of negligent failure to seek and secure relief from the Court on their behalf, above and beyond what was agreed, are contradicted by matters subject to judicial notice and therefore properly disregarded for purposes of this Rule 12(b) motion.

In any case, these matters are also well within the scope of Trustee's derived quasi-judicial immunity.

C. Schneiders' claims for negligent misrepresentation (Count III) and fraud (Count IV) fail to state a claim upon which relief can be granted because there was no misrepresentation of past or existing fact.

Schneiders' claims for negligent misrepresentation and fraud in the inducement make essentially the same allegations under alternative legal theories. Both claims allege that the Trustee made material misrepresentations about the ability of the Trustee and the Court to "bring comprehensive finality" and "bind all the creditors" such that Meridian could not make the arguments that is has. Doc. 7, ¶¶ 71—72, 81—82. Both claims fail for similar reasons.

i. *Negligent misrepresentation and fraud require a misrepresentation of <u>fact</u>.*

Under Montana law, a claim for negligent misrepresentation requires a knowing false representation "as to a past or existing material <u>fact</u>." *WLM Realty*

*Partners, LLC v. Cont. Partners VIII, LLC*, 2015 MT 312, ¶ 24, 381 Mont. 333, 360 P.3d 1112 (emphasis added). Similarly, "fraud must be premised upon a misrepresentation of material **fact, rather than law**." *Ryckman v. Wildwood, Inc.*, 197 Mont. 254, 161, 641 P.2d 467, 471 (1982) (emphasis added).

All of the misrepresentations alleged by Schneiders relate to the legal effect of the settlement agreement and the enforceability of the agreement as against third parties. Such allegations—even assuming their truth—cannot make out a claim for fraud or misrepresentation. *See Elk Park Ranch, Inc. v. Park Cnty.*, 282 Mont. 154, 166, 935 P.2d 1131, 1138 (1997) (for purposes of equitable estoppel, which is also "premised on a misrepresentation of fact," incorrect opinions about the effect of legal documents can only amount to a misrepresentation of law, not of fact).

This issue also implicates the questions of duty and reasonable reliance. It simply was not the Trustee's responsibility to explain or forecast the legal effect of the settlement agreement Schneiders signed, or to anticipate that Meridian might argue it is not bound by the settlement. That is why, after all, Schneiders had their own counsel to review the settlement and advise them as to its legal consequences. *Elk Park Ranch*, 282 Mont. at 167, 935 P.2d at 1138 (a party cannot reasonably rely on the legal opinions of another party's counsel about the effect of legal documents when he has his own counsel to advise him); *see also generally* 24 A.L.R. 1039 (misrepresentations of law do not amount to fraud because "both parties are presumed to know the law…" or have the opportunity to inform themselves).

The settlement agreement specifically states that Schneiders were

represented by counsel, that they read and understood the agreement and signed it voluntarily on their counsel's advice and instruction. No. 14061357, Doc. 340-1, p. 6, ¶ 6. Their after-the-fact claims of reliance upon the Trustee's representations about the legal effect of the agreement are spurious and, more to the point, do not satisfy the elements of fraud or negligent misrepresentation under Montana law.

### ii. Both negligent misrepresentation and fraud require a misrepresentation about <u>existing</u> matters.

To state a claim for negligent misrepresentation, the representation also has to be about a "<u>past or existing</u>" fact. *WLM Realty*, ¶ 24 (emphasis added) (noting that the Montana Supreme Court has "emphasized" this requirement); *see also, e.g., Kitchen Krafters v. Eastside Bank*, 242 Mont. 155, 158–59, 789 P.2d 56, 569 (1990) (a bank's promise to apply payments in a certain way was not a misrepresentation at the time of contracting because it "only became in possible error when the Bank later allegedly failed to properly apply the…payment.").

This requirement is implied by the related element of falsity. If a representation is about a future event or anticipated performance, it is not "false" when made. At most, it is a prediction that might not be borne out by reality, or, in retrospect, a failure of promised performance. Such a failure can sometimes amount to a breach of contract—if the contract language permits—but representations about the future are not actionable negligence. *WLM Realty*, ¶¶ 25–26 (unfulfilled promise to build ski-out access was not negligent misrepresentation because "[n]ot until after the representation was made could the parties determine its accuracy.").

The same is true of fraud. *See Citizens' State Bank of Roundup v. Snelling*,

55 Mont. 476, 178 P 744, 745 (1919) ("neither fantastic representations of things not actually existent, nor promises for the future amount in law to deceit or fraud."); *McIntyre v. Dawes*, 71 Mont. 367, 229 P. 846, 848 (1924) ("in order for false representations to be the basis of fraud, they must be relative to facts theretofore or <u>presently existing</u> and not to those based upon promises as to future acts." (emphasis added)). As with negligence, the mere fact of an unfulfilled promise is not fraud. *Gallatin Trust and Sav. Bank v. Henke*, 154 Mont. 170, 175, 461 P.2d 448, 450 (1969), overruled on other grounds by *Mont. Nat. Bank of Roundup v. Dep't of Rev.,* 167 Mont. 429, 539 P.2d 722 (1975).

Montana recognizes a limited exception to this rule when the alleged fraud involves a "promise accompanied with an intention not to perform it, made for the purpose of deceiving…." *McIntyre*, 229 P. at 848; see also *Fed. Dep. Ins. Corp. v. Lauterbach*, 626 F.2d 1327 (7th Cir. 1980) (failure to perform is not fraudulent unless the promisor is aware of "present facts incompatible" with performance); *Dodds v. Gibson Prod.'s Co. of. W. Mont.*, 181 Mont. 373, 593 P.2d 1022 (1979) (distinguishing facially invalid fraud claims requiring prophecy about future events with a situation where the promisor "knows perfectly well that no such thing is to occur…."). A failure to allege and prove facts indicating a fraud claim is more than a failure of performance, showing that the promisor "had no intention of performing [the promise] when he made it…" is fatal to the claim. *In re Smith*, 61 B.R. 742, 747 (Bankr. D. Mont. 1986). As explained above, and as the pleadings and settlement agreement demonstrate, that is not what is alleged nor what happened here. The

Trustee performed as promised under the contract and all of Schneiders' allegations relate to purported further obligations regarding the same subject which, in any case, are barred by the parol evidence rule.

The alleged misrepresentations in this case are also predicated upon the intervening acts of a third party, Meridian, so the futurity problem is even more pronounced. "[O]ne cannot predicate a fraud action upon a statement regarding what independent third parties will do in the future…" because such a statement "is really a prediction rather than a promise…." *Sindecuse v. Katsaros*, 541 F.3d 801, 802 (8th Cir. 2008). The Trustee cannot predict or control Meridian's actions or the legal theories it chooses to assert, and was under no duty to do so.

At the core of every fraud/misrepresentation claim is the notion that a party with superior knowledge is taking unfair advantage of another. Under Montana law, that cannot occur when the allegedly false representation is only legal in nature, or when the representation involves future events that have not yet occurred. Thus, even assuming the truth of Schneiders' allegations, they do not state a viable claim for relief. Alleged misrepresentations about the legal effect of an agreement on other parties, in light of events that have not yet transpired, are not actionable in fraud or negligence.

## CONCLUSION

Schneiders' counterclaims are legally defective in a number of ways such that they do not state any claim upon which relief can be granted. The Trustee's motion should be granted.

DATED this 24th day of August, 2017.

                              GOETZ, BALDWIN & GEDDES, P.C.

                              By: */s/Trent M. Gardner*
                              Trent M. Gardner/Jeffrey J. Tierney
                              Attorneys for Trustee Joseph V. Womack

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that on August 24, 2017, a copy of the foregoing pleading was served (i) by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or (ii) by mail on the following parties: none

                              */s/Trent M. Gardner*
                              Trent M. Gardner
                              Attorneys for Trustee Joseph V. Womack

# NOTICE OF OPPORTUNITY TO RESPOND
# AND REQUEST A HEARING

If you object to the motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the motion. The responding party shall schedule the hearing on the motion at least twenty-one 21 days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:

NOTICE OF HEARING
Date: _____
Time:_____
Location:_____

If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.