## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MONTANA

_____

In re:

**John Henry Schneider,**

|   | **Bankruptcy Case No. 14-61357-JDP** |

**Debtor.**

_____

**Joseph V. Womack,**

          **Plaintiff,**

**vs.**

**John Henry Schneider and Michelle Schneider,**

          **Defendants.**

**John Henry Schneider and Michelle Schneider,**

          **Counter-Claimants,**

**vs.**

**Joseph V. Womack,**

          **Counter-Defendant.**

**Adv. Proceeding No. 17-00021-JDP**

MEMORANDUM OF DECISION – 1

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

Trent Gardner, Bozeman, Montana, Attorney for Joseph Womack, Plaintiff/Counterdefendant.

James Cossitt, Kalispell, Montana, Attorney for John Henry Schneider and Michelle Schneider, Defendants/Counter Claimants.

### *Introduction*

In this adversary proceeding, on August 24, 2017, Plaintiff, chapter 7[1] trustee Joseph V. Womack ("Trustee"), filed a Motion to Dismiss Counterclaims ("the motion").  Dkt. No. 20.  Counterclaimants, the chapter 7 debtor John H. Schneider ("Debtor"), and his spouse, Michelle R. Schneider (collectively referred to as "Defendants"), opposed the motion.  Dkt. No. 26.  Trustee filed a reply to Defendants' opposition.  Dkt. No. 27.

On October 6, 2017, the Court conducted a video hearing concerning

_____

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure, Rules 1–86.

MEMORANDUM OF DECISION – 2

the motion, at which the parties appeared and presented oral argument. Dkt. No. 28.  Having taken the issues under advisement, and having considered the pleadings, the parties' briefs and arguments, as well as the applicable law, this Memorandum sets forth the Court's disposition of the motion.

### The Facts as Alleged

Based upon the allegations in the parties' pleadings, and matters appearing in the Court's docket, for purposes of this decision, the relevant facts may be succinctly stated.

Prior to the commencement of Debtor's bankruptcy case, Debtor was a party to an arbitration case with Meridian Surgical Partners – Montana and Meridian Surgical Partners, LLC (collectively referred to as "Meridian"), in which Debtor and Meridian asserted various claims against one another ("the Meridian Arbitration").[2]  *See* Counterclaim ("CC") at 6, Dkt. No. 7.  On December 4, 2014, Debtor filed a chapter 7

---

[2] It appears other parties were involved in this arbitration, but details about them are not included in the pleadings.

MEMORANDUM OF DECISION – 3

petition.  Compl. at 2, Dkt. No. 1; *In re Schneider*, 14-61357-JDP, Dkt. No. 1.

Meridian then filed a $3,000,000 proof of claim in Debtor's bankruptcy case

based upon the claims it had advanced against Debtor in the arbitration

case.  CC at 7.

## A.    The Meridian Settlement

Trustee was appointed to serve as the chapter 7 trustee in Debtor's

case.  Compl. at 2.  In May, 2016, Trustee entered into an agreement with

Meridian to settle its claim against the bankruptcy estate and other matters

related to the bankruptcy case ("the Meridian Settlement").  CC at 7.  *See In*

*re Schneider*, Dkt. No. 342-1.  The Meridian Settlement provided, among

other terms, that Meridian would withdraw its proof of claim in the

bankruptcy case, with prejudice.  CC at 8; Meridian Settlement at 3.

On May 19, 2016, Trustee filed a motion to approve the Meridian

Settlement in the bankruptcy case.  CC at 7.  *See In re Schneider*, Dkt. No.

342.  The next day, Trustee filed a motion to shorten the time for providing

notice of the hearing on the proposed compromise.  Dkt. No. 356.  In it,

Trustee requested that the Court enter an order to shorten the 14-day

MEMORANDUM OF DECISION – 4

period that is typically afforded for making an objection to a Rule 9019 compromise motion to three days.  CC at 15; *In re Schneider*, Dkt. No. 356. As justification for the shortened notice time, Trustee explained that approval of the Meridian Settlement would avoid the need for the parties to attend and participate in the two-week Meridian Arbitration trial, which was set to begin on June 13 in Minneapolis, and if the Meridian Settlement were not approved, that Trustee needed time to prepare for, and represent the estate, at the arbitration proceedings.  Mot. to Shorten Time, *In re Schneider*, Dkt. No. 356.  That same day, May 20, the Court entered an order granting the Motion to Shorten Time in which it gave notice to all parties that the period for objecting to approval of the Meridian Settlement was shortened to three days.  Order Granting Mot. to Shorten Time, *In re Schneider*, Dkt. No. 361.

No objections to the Meridian Settlement compromise motion were filed within the shortened notice period, and on May 24, the Court entered an order granting the compromise motion and approving the Meridian Settlement.  *In re Schneider*, Dkt. No. 384.  In accordance with the terms of

MEMORANDUM OF DECISION – 5

the Meridian Settlement, on June 11, 2016, Meridian withdrew its proof of claim in Debtor's bankruptcy case.  CC at 8.[3]

## B.    The AP 15-15 Settlement

On May 22, 2015, Trustee commenced an adversary proceeding against Defendants and a number of his related entities and trusts. *Womack v. Schneider Limited Partnership*, 15-00015-RBK ("AP 15-15").  In an amended complaint filed on July 14, 2015, CC at 9; AP 15-15, Dkt. No. 16, Trustee sought the involuntary substantive consolidation of several of the entities and trusts he alleged were closely related to Debtor with the bankruptcy estate.  CC at 9.  Trustee alleged that those entities had functioned as Debtor's alter egos, and he sought, through substantive consolidation and reverse piercing of the corporate veil, to capture the target entities' assets as part of the bankruptcy estate.  CC at 9.

Eventually, the parties to AP 15-15, including Defendants, agreed to a settlement ("the AP 15-15 Settlement").  CC at 10; *In re Schneider*, Dkt.

---

[3] To be precise, as opposed to withdrawing it, the Claims Register in the bankruptcy case indicates that on June 11, 2016, Meridian amended its proof of claim to "$0".  *In re Schneider*, Claims Register 10-2.

MEMORANDUM OF DECISION – 6

No. 340-1.  Importantly, in the AP 15-15 Settlement, the parties agreed that:

> the causes of action asserted by the Trustee in [AP 15-15] are
> all property of the bankruptcy estate, *to the exclusion of any
> creditor*, and shall request a finding of fact and conclusion of
> law to this effect by the court that approves this settlement.  It
> shall be a condition precedent to this settlement that the court
> make such a finding and conclusion.

CC at 11 (emphasis added).  The parties further stipulated that, in the

event of a dispute, the bankruptcy court would have sole and exclusive

jurisdiction to enforce the agreement.  CC at 11.

On May 19, 2016, the same day Trustee filed the motion to approve

the Meridian Settlement, Trustee also filed a motion to approve the AP 15-

15 Settlement.  *In re Schneider*, Dkt. No. 340.  On June 7, there being no

objections filed, the Court entered an order approving the AP 15-15

Settlement.  CC at 11; *In re Schneider*, Dkt. No. 426.  As provided in the AP

15-15 Settlement, the Court declared in its order that:

> IT IS FURTHER ORDERED that the causes of action asserted
> by the Trustee in AP 15-00015 are all property of the
> bankruptcy estate, *to the exclusion of any creditor*, and are
> deemed fully settled, on the merits, pursuant to this ORDER.

CC at 11 (emphasis added).  AP 15-15 was dismissed with prejudice.  CC

MEMORANDUM OF DECISION – 7

at 12.

## C.     The Arbitration Case and Award

While Trustee's claims in the arbitration case had been resolved by the Meridian Settlement, the Meridian Arbitration proceedings continued as to the other parties to that action.  On June 7, 2016, Meridian filed a motion to Limit and Exclude Testimony, to Adopt Adverse Inferences, and for Sanctions against Schneider Limited Partnership ("SLP")[4]; it argued that the arbitrator should order that Debtor and SLP were one and the same, and that SLP was the alter ego of Debtor.  CC at 12.  The arbitration trial occurred from June 15 to 24.  CC at 12.  On October 28, 2016, the arbitrator entered Findings of Fact, Conclusions of Law, and an Interim Award in favor of Meridian and against SLP.  CC at 12-13.  The arbitrator concluded that SLP was indeed an alter ego of Debtor, and it rejected Defendants' argument that Meridian was barred from making an alter ego claim by the bankruptcy court's order implementing the AP 15-15 Settlement.  CC at 13.

---

[4] The pleadings do not explain the relationship between SLP and Debtor.

MEMORANDUM OF DECISION – 8

Apparently, Meridian now asserts that it may pursue collection of the arbitration award based on some of the same legal theories that Trustee relied upon in his action against Defendants and their partnership, SLP, in AP 15-15. CC at 13. Specifically, Defendants allege that Meridian has asserted in another adversary proceeding that:

> The arbitration award is only against SLP. However, if Meridian subsequently discovers that SLP fraudulently transferred assets, Meridian reserves the right to pursue those assets.

CC at 13. Defendants apparently believe this means they may be pursued for receiving fraudulent transfers from SLP.

In a June 26, 2017 letter,[5] Meridian's counsel explained that, in its view, it was not bound by the AP 15-15 Settlement between Trustee, Defendants and the other entities because that settlement only resolved Trustee's claims "to the exclusion of any *creditor*". *Id.* Meridian points out that, because the Meridian Settlement with Trustee had been approved by the bankruptcy court on May 24, by the time the AP 15-15 Settlement was

---

[5] The Counterclaims do not identify the addressee of this letter.

MEMORANDUM OF DECISION – 9

approved by the bankruptcy court on June 7, 2016, Meridian was no longer

a creditor in the bankruptcy case.  CC at 13.   Therefore, Meridian alleges,

its claims against Defendants and their related entities were not

"excluded" by the Meridian Settlement.

## D.     This Adversary Proceeding

On June 14, 2017, Trustee commenced this adversary proceeding

alleging that Defendants have breached the AP 15-15 Settlement,[6] among

other claims.  Dkt. No. 1.  Defendants filed an answer and four

counterclaims against Trustee.  Dkt. No. 7.  On August 24, 2017, Trustee

filed the motion to dismiss Defendants' counterclaims that is presently

before the Court.  Dkt. No. 20.

### *Motion to Dismiss Standard*

In the motion, Plaintiff argues that the Counterclaims fail to state a

claim against him upon which relief may be granted.  Rule 7012(b)

instructs that Civil Rule 12(b)(6) is applicable in adversary proceedings.

---

[6] For purposes of this decision, it is unnecessary to discuss the details of
Trustee's claims against Defendants.

MEMORANDUM OF DECISION – 10

The United States Supreme Court explained the standard applicable to the

motion under Civil Rule 12(b)(6) as follows:

> To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to "state a claim to
> relief that is plausible on its face." *[Bell Atlantic Corp. v.
> Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929
> (2007) ]. A claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the
> misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The
> plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that
> a defendant has acted unlawfully. *Ibid.* Where a complaint
> pleads facts that are "merely consistent with" a defendant's
> liability, it "stops short of the line between possibility and
> plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955
> (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*.
> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to legal
> conclusions. Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not
> suffice. *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes
> of a motion to dismiss we must take all of the factual
> allegations in the complaint as true, we "are not bound to
> accept as true a legal conclusion couched as a factual
> allegation" (internal quotation marks omitted)). Rule 8 marks
> a notable and generous departure from the hyper-technical,
> code-pleading regime of a prior era, but it does not unlock the
> doors of discovery for a plaintiff armed with nothing more

MEMORANDUM OF DECISION – 11

than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556, 127 S.Ct. 1955.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2d Cir. 2007).  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show [n]"—"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see also Cafasso, U.S. ex rel. v.*

*General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011).

The Ninth Circuit later explained:

[W]e begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  We disregard threadbare recitals of elements of a cause of action, supported by mere conclusory statements.  After eliminating such unsupported legal conclusions, we identify

MEMORANDUM OF DECISION – 12

> well-pleaded factual allegations, which we assume to be true, and then determine whether they plausibly give rise to an entitlement to relief.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face; that is, plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> [*Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)] (citations, alterations and internal quotation marks omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

*Alvarez v. Chevron Corp.*, 656 F.3d 925, 930–31 (9th Cir.2011); *see also King v. Fed. Nat'l Mortg. Assoc. (In re King)*, 565 B.R. 429, 433–34 (Bankr. D. Mont. 2017); *Brandon v. Sherwood (In re Sann)*, 546 B.R. 850, 853–54 (Bankr. D. Mont. 2016).

While the Court generally can not consider extraneous materials when evaluating a Rule 12(b)(6) motion to dismiss, it may consider documents incorporated by reference in the complaint.  *Nilsen v. Neilson (In re Cedar Funding, Inc.*, 419 B.R. 807, 821 (9th Cir. BAP 2009); *Gugino v. Wells Fargo Bank Northwest N.A. (In re Lifestyle Home Furnishings, LLC)*, 09.2 IBCR 41, 42 (Bankr. D. Idaho 2009) (citations omitted).

MEMORANDUM OF DECISION – 13

### *Analysis and Disposition*

#### A.    **Defendants' Counterclaims**

In Counterclaim One, Defendants allege that Trustee breached the AP 15-15 Settlement.  Specifically, they claim that the AP 15-15 Settlement was intended by the parties to provide comprehensive finality as to all claims raised by Trustee in AP 15-15 to the exclusion of all creditors. However, as noted above, Meridian now asserts that, because it was no longer a "creditor" when the AP 15-15 Settlement was approved, it was not bound by its terms, and its claims were not extinguished.  Because Trustee has taken no action to prevent Meridian from pursuing its alter ego claims against them and SLP in the arbitration case or otherwise, Defendants argue that Trustee has effectively breached the AP 15-15 Settlement.

In Counterclaim Two, Defendants claim Trustee was negligent in filing the motion to shorten the notice period for approval of the Meridian Settlement, in that he failed to consider, identify, or disclose the risk that bankruptcy court approval of the Meridian Settlement, before the AP 15-15

MEMORANDUM OF DECISION – 14

Settlement came before the bankruptcy court, may allow Meridian to avoid the scope of protections against creditor claims provided to Defendants in the AP 15-15 Settlement.

In Counterclaim Three, Defendants allege that Trustee made negligent misrepresentations to them that the AP 15-15 Settlement would provide comprehensive finality and bind all creditors and interested parties to the terms of the AP 15-15 Settlement, when in fact, as events here have unfolded, it arguably did not bind Meridian. Defendants claim they would not have entered into the AP 15-15 Settlement were it not for Trustee's representations about the compromise's alleged finality.

Finally, in Counterclaim Four, Defendants allege that Trustee fraudulently induced them to enter the AP 15-15 Settlement by representing that the bankruptcy estate was the sole and exclusive owner of all the various claims asserted in AP 15-15, that the AP 15-15 Settlement would be binding on all creditors and other interested parties, and that bankruptcy court approval of the AP 15-15 Settlement would effectively prevent any other party from advancing the type of claims asserted by

MEMORANDUM OF DECISION – 15

Trustee in AP 15-15, in the future.

## B.    Quasi Judicial Immunity

In moving to dismiss them, Trustee asserts that all of Defendants' claims against him are barred as a matter of law under the doctrine of quasi judicial immunity.  Tr.'s Br. at 4, Dkt. No. 20.  Defendants disagree. Defs.' Resp. at 9.

"Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order." *Harris v. Wittman (In re Harris)*, 590 F.3d. 730, 742 (9th Cir. 2009) (quoting *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989)).  This protection against the claims of others is referred to as quasi judicial immunity because it provides bankruptcy trustees immunity for their "actions that are functionally comparable to those of judges, *i.e.*, those functions that involve discretionary judgment."  *In re Cedar Funding, Inc.*, 419 B.R. at 822. Under the doctrine, immunity "attaches to only those [trustee] functions essential to the authoritative adjudication of private rights to the bankruptcy estate."  *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 951 (9th

MEMORANDUM OF DECISION – 16

Cir. 2002) (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 (1993)).

Thus, in deciding whether quasi judicial immunity applies, courts "must

examine the particular [trustee] function at issue." *Id.*

   The Ninth Circuit has explained that for quasi judicial immunity to

apply, bankruptcy trustees must show that: "(1) their acts were within the

scope of their authority; (2) the debtor had notice of their proposed acts; (3)

they candidly disclosed their proposed acts to the bankruptcy court; and

(4) the bankruptcy court approved their acts." *In re Harris*, 590 F.3d at 742;

*see also Blixseth v. Brown (In re Yellowstone Mountain Club, LLC)*, 841 F.3d

1090, 1097 (9th Cir. 2016) (remanding to the bankruptcy court to determine

whether the chair of a chapter 11 unsecured creditors committee qualified

for quasi judicial immunity based on these elements).

   According to Defendants, two distinct acts by Trustee form the basis

of their counterclaims.  In their brief, Defendants explain that the

"gravamen of the Counterclaim is that the Trustee's seeking shortened

notice for approval of the Meridian Agreement negated protections the

Defendants had bargained for in the [AP 15-15 Settlement]."  Defendants'

MEMORANDUM OF DECISION – 17

Br. at 9, Dkt. No. 26.  They also claim that Trustee's conduct in negotiating the compromise with them in AP 15-15 was wrongful, *i.e.* that he made negligent misrepresentations, and fraudulently induced them to enter the Settlement Agreement.  CC at 17–18.

### 1. Trustee's Request to Shorten Notice for Approval of the Meridian Settlement

Defendants argue that Trustee does not qualify for quasi judicial immunity in seeking to shorten the notice time for approval of the Meridian Settlement because he cannot satisfy the last three elements of the *Harris* test.  Defendant's Br. at 9.  However, Defendants' argument lacks merit.

First, Defendants argue that they lacked notice that Trustee intended to ask that the notice period for approval of the Meridian Settlement be shortened at the time they entered into the AP 15-15 Settlement Agreement.  Defendants' Br. at 11.  But even assuming this is true, the *Harris* test does not specify when a trustee must give notice of a proposed act to debtors and others, it only requires that notice be given.  When

MEMORANDUM OF DECISION – 18

Trustee filed the May 20, 2016, Motion to Shorten Time in Debtor's bankruptcy case, Defendants, through counsel in the bankruptcy case received electronic notice of the motion. Defendants' attorney also received electronic notice of the entry of the Court's order. Defendants' counsel has not disputed this. Though the objection period was shortened, through the filings, Defendants nonetheless are deemed to have been aware that the Meridian Settlement could be approved by the bankruptcy court before the AP 15-15 Settlement was to be approved, and that they could object to the timing of the bankruptcy court's approval. Importantly, while they could have done so, Defendants did not object to approval of the Meridian Settlement. Moreover, they also could have promptly asked the bankruptcy court for relief from the order shortening time before approval of the AP 15-15 Settlement. Rules 9013 and 9104. They did not do so, nor do they now suggest there was any good cause for not doing so. As a result, because effective warning was indeed given to Defendants through their attorney, that the notice period for approval of the Meridian Settlement would be shortened, the second element of the

MEMORANDUM OF DECISION – 19

*Harris* is satisfied.

Next, Defendants argue Trustee failed to candidly disclose to the Court that the shortened notice period for approval of the Meridian Settlement may arguably create a "loophole" that undermined one of the alleged key goals of the Meridian Settlement in Defendants' eyes. But again, the *Harris* test does not require that a trustee disclose all possible repercussions of a proposed act to be taken in a bankruptcy case in order for quasi judicial immunity to apply. Instead, the *Harris* test requires only that a trustee disclose his or her "proposed acts" to the Court. Here, Trustee candidly and effectively disclosed that he was proposing to shorten the notice time for approval of the Meridian Settlement in his Motion to Shorten Time filed with the Court. *See In re Schneider*, Dkt. No. 332. Trustee was not obliged to inform the Court or Defendants about all potential consequences of shortening the time to object to the Meridian Settlement. The third element of the *Harris* test is also met.

Third, Defendants argue that because Trustee did not disclose to the Court that approval of the Motion to Shorten Time would result in an

MEMORANDUM OF DECISION – 20

opportunity for Meridian to later argue it was not restricted by the AP 15-15 Settlement, the bankruptcy court did not approve that outcome. But, even were it possible for the bankruptcy court to understand all of the potential implications of approving the Meridian Settlement before the AP 15-15 Settlement, under *Harris,* the bankruptcy court need not necessarily acknowledge all of those implications for Trustee to be protected by quasi judicial immunity from claims against him for the "early" approval of the Meridian Settlement. Instead, the bankruptcy court need only approve "the act" taken by Trustee, *i.e.,* the shortening of time for notice. Here, the bankruptcy court apparently found that Trustee's justification and explanation for the need to shorten the notice period for objections to the Meridian Settlement was adequate when it entered the order granting the Motion to Shorten Time. Thus, the fourth element of the *Harris* test is also met.

Finally, and while not contested by Defendants, the Court concludes that, in filing the Motion to Shorten Time, Trustee was indeed acting within his statutorily-conferred authority to administer the bankruptcy

MEMORANDUM OF DECISION – 21

　
estate as a chapter 7 bankruptcy trustee.  Trustee was acting to "reduce to

money the property of the estate . . . and close such estate as expeditiously

as is compatible with the best interests of parties in interest[.]" § 704(a)(1).

Trustee was also clothed with authority to seek bankruptcy court approval

of the Meridian Settlement as a compromise under Rule 9019(a) (providing

that "On motion by the trustee, and after notice and a hearing, the

[bankruptcy] court may approve a compromise or settlement.").

　　　Having met all four elements of the *Harris* test, Trustee qualifies for

quasi judicial immunity as to Defendants' Counterclaims arising out of

Trustee's filing of the Motion to Shorten Time.  This conclusion comports

with the Ninth Circuit's analysis applying quasi judicial immunity for the

acts of a bankruptcy trustee in *In re Castillo*.  297 F.3d 940.  There, a chapter

13 debtor was sued because the trustee inadvertently scheduled a hearing

for plan confirmation a day earlier than expected, and failed to notify the

debtor or her counsel of the change in schedule.  *Id.* at 943–44.  The Ninth

Circuit explained that "both the scheduling and giving of notice of

hearings are part of the judicial function of managing the bankruptcy

MEMORANDUM OF DECISION – 22

court's docket in the resolution of disputes" and is "unquestionably

discretionary in nature." *Id.* at 951.  Importantly, the Ninth Circuit

instructed that "[quasi judicial] immunity extends to the giving—or failure

to give—notice. . . ." *Id.* at 952.  Here, the Motion to Shorten Time

concerned the notice and time parties were to be afforded to object to

bankruptcy court approval of the Meridian Settlement.  Therefore, as

guided by *Castillo*, the Court concludes that Trustee's acts surrounding the

filing and granting of the Motion to Shorten Time are protected by quasi

judicial immunity.

Defendants' Counterclaim One, for breach of contract based upon

Trustee's act in seeking to shorten the notice period for approval of the

Meridian Settlement, will be dismissed.   In addition, Counterclaim Two,

in so far as it alleges that Trustee's act in seeking to shorten the notice

period for approval of the Meridian Settlement was negligent, will also be

dismissed.

> **2.    Trustee's Alleged Representations Concerning the Finality
> of the Claims Against Defendants**

MEMORANDUM OF DECISION – 23

The Court also concludes that Defendants' Counterclaims based upon the alleged representations made by Trustee during negotiations resulting in the AP 15-15 Settlement should be dismissed based upon quasi judicial immunity.

Courts must be "cautious not to construe the immunity doctrine too narrowly by focusing on the underlying act.  Rather, we identify the 'ultimate act' in determining whether a particular function is judicial in nature."  *In re Cedar Funding Inc.*, 419 B.R. at 822.  Here, while the "act" complained of by Defendants is Trustee's alleged misrepresentations about the settlement's finality made during the parties' negotiations, the "ultimate act" was the settlement of AP 15-15, which culminated in the bankruptcy court's approval of the AP 15-15 Settlement.  Under the *Harris* test, Trustee's acts in negotiating and entering into the AP 15-15 Settlement also qualify for quasi judicial immunity.

First, as noted above, in deciding to compromise the AP 15-15 adversary proceeding, Trustee was engaged in the exercise of his statutory authority to "collect and reduce to money property of the estate" and

MEMORANDUM OF DECISION – 24

"close such estate as expeditiously as is compatible with the best interests of the parties in interest."  *See* § 704(a)(1); *see also* Rule 9019(a).  Second, Defendants, as parties to the settlement, had actual notice of Trustee's actions.  Third, Trustee candidly disclosed the terms of the AP 15-15 Settlement to the Court, including all the terms at issue in this action. Indeed, in its order approving its terms, the Court expressly found and concluded that "the causes of action asserted by the Trustee in AP 15-000015 are all property of the bankruptcy estate, to the exclusion of any creditor, and are deemed fully settled, on the merits, pursuant to this Order."  *See* Order Approving the AP 15-15 Settlement at 3, *In re Schneider*, Dkt. No. 426.  Finally, the Court entered an order approving the AP 15-15 Settlement.  *Id.*

Because Trustee satisfies the four *Harris* elements, he qualifies for quasi judicial immunity for his conduct during all aspects of the settlement process for AP 15-15.  Thus, Counterclaim Three, wherein Defendants assert Trustee made negligent misrepresentations to them during the negotiations of the AP 15-15 Settlement, will also be dismissed.

MEMORANDUM OF DECISION – 25

### C.    Reasons for Dismissal of Counterclaim Four

However, while "the law of the Ninth Circuit excuses a trustee from ordinary negligence, [it] does not protect him from actions that are deemed to be gross negligence or for acts of intentional wrong doing." *R. Woolsey & Associates, Inc. v. Gugino (In re R. Woolsey & Associates, Inc.)*, 454 B.R. 782, 787 (Bankr. D. Idaho 2011) (quoting *In re Continental Coin Corp.*, 380 B.R. 1, 11 (Bankr. C.D. Cal. 2007)).  Because, in Counterclaim Four, Defendants allege that Trustee engaged in fraud in inducing them to settle, as an intentional wrong, quasi judicial immunity can not protect Trustee.  However, the Court concludes that Counterclaim Four should be dismissed for other reasons.

### 1.    The Alleged Representation by Omission

In Counterclaim Four, Defendants allege Trustee committed fraud in the inducement by making various misrepresentations to Defendants. More precisely, Defendants claim Trustee made a "representation by omission" by failing to obtain the finality allegedly promised of the settlement, because he created a false impression that Defendants would

MEMORANDUM OF DECISION – 26

not need to spend substantial monies to enforce the terms of the AP 15-15 Settlement.  But at the minimum, for this argument to support a fraudulent inducement claim, Trustee would have had to know or believe Defendants would be required to spend substantial sums of monies to enforce the AP 15-15 Settlement at the time it was settled, and failed to disclose it.  *See* Mont. Code 28-2-405(3) (providing that actual fraud is, in relevant part, "the suppression of that which is true *by one having knowledge or belief of the fact*." (emphasis added)).  Nothing in the alleged facts supports such an inference, and Defendants' legal conclusion, that Trustee committed fraud by making a misrepresentation by omission, fails for lack of factual allegations to support it.

### 2.    Parol Evidence Rule

Defendants also allege that Trustee fraudulently induced them to execute the AP 15-15 Settlement by representing to Defendants that the bankruptcy estate was the sole and exclusive owner of all the claims asserted in AP 15-15, that the AP 15-15 Settlement would be binding on all creditors and other parties in interest, and that the AP 15-15

MEMORANDUM OF DECISION – 27

Settlement would cut off the ability of any other party to assert such claims

in the future.  Trustee argues that Counterclaim Four fails to state a claim

for relief against him under the parol evidence rule.  Tr.'s Br. at 7, Dkt. No.

20.   The Court agrees with Trustee.

The parol evidence rule is codified in Montana Code  § 28-2-904,[7]

which provides that "[t]he execution of a contract in writing . . .

supersedes all the oral negotiations or stipulations concerning its matters

which preceded or accompanied the execution of the instrument."  And

Montana Code § 28-2-905 provides that "[w]henever the terms of the

agreement have been reduced to writing by the parties, it is to be

_____

[7] Disputes concerning the terms and enforcement of a settlement
agreement in a bankruptcy case are resolved by reference to applicable state
contract law.  *See Rains v. Flinn (In re Rains)*, 428 F.3d 893, 901 (9th Cir. 2005)
(holding state law applies to the validity of a settlement); *see also Commercial
Paper Holders v. Hine (In re Beverly Hills Bancorp)*, 649 F.2d 1329, 1333 (9th Cir.
1981) (instructing that bankruptcy settlement agreements are contracts to be
construed under state law).  "The parol evidence rule is a principle of substantive
contract law and not a rule of evidence . . . ."  *Habets v. Swanson*, 16 P.3d 1035,
1041 (Mont. 2000).  Thus, issues arising surrounding the AP 15-15 Settlement are
controlled by Montana law.  *See NetBank, FSB v. Kipperman (In re Commercial
Money Ctr., Inc.)*, 350 B.R. 465, 474 (9th Cir. BAP 2006) (holding the parol
evidence rule is an issue of state law (citing *Jinro Am., Inc. v. Secure Invs., Inc.*, 266
F.3d 993, 998–99 (9th Cir. 2001))).

considered as containing all those terms." However, Montana Code § 28-2-905 recognizes an exception to its operation, providing that the parol evidence rule "does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as described in 1-4-102 . . . to establish fraud." Montana Code § 28-2-905(2). Interpreting this provision, the Montana Supreme Court has explained that this "exception only applies when the alleged fraud does not relate directly to the subject of the contract. Where an alleged oral promise directly contradicts the terms of an express written contract, the parol evidence rule applies." *Deschamps v. Treas. State Trailer Ct., Ltd.*, 230 P.3d 800, 806 (Mont. 2010).

Under Montana's parol evidence rule, the parties' execution of the agreement to evidence the AP 15-15 Settlement would normally mean its terms superseded any alleged oral representations Trustee made preceding, and in connection with, the execution of that agreement. But Defendants hope to establish that the negotiations were tainted by Trustee's fraud, and therefore, the parol evidence rule may not apply. But

MEMORANDUM OF DECISION – 29

the fraud exception to the parol evidence rule only applies if (1) the alleged fraud does not relate directly to the subject of the contract, and (2) the oral promises do not contradict the terms of the written contract.

In the AP 15-15 Settlement, they specifically stipulated that "the causes of action asserted by Trustee in AP 15-15 are all property of the bankruptcy estate, to the exclusion of any creditor" and that Trustee would request a finding of fact and conclusion of law to that effect by the bankruptcy court when it approved the compromise.  AP 15-15 Settlement at 5.  The AP 15-15 Settlement also provides for a mutual release of claims. AP 15-15 Settlement at 6.  Defendants argue Trustee promised that AP 15-15 would be binding on all creditors *and other parties in interest*, and that the settlement would cut off the ability *of any party* to bring such claims in the future.  But even assuming these alleged representations were made by Trustee to Defendants, they all relate directly to the subject of the AP 15-15 Settlement, and effectively contradict its terms, which expressly limits the reach of the settlement agreement to only "creditors."  Therefore, under

MEMORANDUM OF DECISION – 30

the Montana case law, the "fraud" exception in Montana Code § 28-2-905(2) does not apply to Trustee's alleged fraudulent misstatements, and all of them would be inadmissible to contradict or vary the terms of the AP 15-15 Settlement.

On November 1, 2017, after argument of the motion, Defendants filed a "Notice of Controlling Authority" citing a Montana Supreme Court decision, *Broadwater Development, L.L.C. v. Nelson*, 219 P.3d 492 (Mont. 2009). Dkt. No. 30. In that case the Montana Supreme Court examined whether a district court had erroneously relied on "extrinsic facts" in determining whether an easement agreement met the requirements of an express easement. The Supreme Court explained Montana Code § 1-4-102 expressly provides that "[f]or the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument and of the parties to it, may also be shown so that the judge is placed in the position of those whose language the judge is to interpret." *Id.* at 501. Moreover, it stated that there may be several

MEMORANDUM OF DECISION – 31

purposes for which evidence of the circumstances surrounding the

execution of an agreement is admissible, including: to aid the court in

determining whether a contract contains ambiguity or whether a certain

interpretation would lead to an absurdity.  *Id.* (citing *May J.  Baker Revoc.*

*Trust v. Cenex Harvest State*, 164 P.3d 841 (Mont. 2007); *Mattson v. Mont.*

*Power Co.*, 215 P.3d 675 (Mont. 2009)).  *Id.*  However, the Montana Supreme

Court also explained that "there are limits to the use of such evidence" and

that "evidence of surrounding circumstances may not be used to add to,

vary, or contradict the terms of the contract."  *Id.* at 501 (citing *May J.  Baker*

*Revoc. Trust v. Cenex Harvest State*, 164 P.3d 841 (Mont. 2007)).   Ultimately,

the court concluded that:

> For purposes of interpreting a writing granting an interest in
> real property, evidence of the surrounding circumstances,
> including the situation of the property and the context of the
> parties' agreement may be shown so that the judge is placed
> in the position of those whose language the judge is to
> interpret.  [Montana Code § 1-4-102].  However, to comply
> with the statute of frauds ([Montana Code § 70-20-101) and
> the recording system [], the writing itself must ultimately
> stand on its own and meet all of the formal requirement for
> granting a property interest.

MEMORANDUM OF DECISION – 32

*Id.* Under this framework, the Montana Supreme Court held the district court had not erred because it was allowed to consider the extrinsic evidence for purposes of understanding the situation of the parties and the easement at issue, which it did, but the district court correctly limited its analysis of the easement's validity to the face of the easement agreement. *Id.* at 501–502.

The court's holding in *Broadwater Development, L.L.C.* does not impact this Court's conclusion in this case. In addition to the fact that the interpretation and validity of a real property instrument is not at issue in this case, here, the circumstances under which extrinsic evidence may be considered are not present. First, the Defendants have not alleged the extrinsic evidence is necessary for the Court to determine whether the AP 15-15 Settlement provisions at issue are ambiguous, nor have Defendants alleged that the Court must consider the extrinsic evidence to determine whether a certain interpretation would lead to an absurd result. Moreover, the proffered extrinsic evidence is not alleged to place the Court

MEMORANDUM OF DECISION – 33

in a position to interpret the language of the AP 15-15 Settlement. Rather, as the Court has previously determined, the allegations concerning Trustee's representations to them contradict the express terms of the AP 15-15 Settlement that limit the reach of the settlement to "creditors".

For the foregoing reasons, the Court concludes that Defendants' fraud claims against Trustee in Counterclaim Four are barred by the parol evidence rule. Counterclaim Four will be dismissed.[8]

/ / /

## D.    Leave to Amend

Civil Rule 15, as incorporated in adversary proceedings by Rule 7015, provides that the Court should freely grant leave to amend a complaint "when justice so requires." In the Ninth Circuit, "[t]his policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon,*

---

[8] While the Court has determined that Counterclaim Three for "negligent misrepresentation" should be dismissed because Trustee is immune under these facts, the claim in Counterclaim Three, also based upon Trustee's alleged misrepresentations made to Defendants during the settlement of AP 15-15, would also be barred by the parol evidence rule.

MEMORANDUM OF DECISION – 34

*Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found.*

*Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)); *see also N. Slope Borough*

*v. Rogstad (In re Rogstad)*, 126 F.3d 1224, 1228 (9th Cir. 1997) (noting that

there is a "strong policy permitting amendment.").  The factors to be

considered by the courts in deciding whether to grant leave to amend a

complaint are: "(1) undue delay; (2) bad faith; (3) futility of amendment;

and (4) prejudice to the opposing party." *Id.*

The Court concludes that none of the above factors operate to

prevent Defendants from amending the Counterclaims here.  While it may

turn out that Defendants are unable to avoid Trustee's quasi judicial

immunity for his official acts, or to state claims not barred by the parol

evidence rule, the Court declines to speculate about the futility of an

amendment at this juncture in this action.  Therefore, the Court will grant

Defendants a short opportunity to amend the Counterclaims.  If they fail to

timely do so, the Court will, upon Trustee's request, deem the dismissal of

the present Counterclaims to be with prejudice.

MEMORANDUM OF DECISION – 35

*Conclusion*

For the above reasons, Trustee's motion to dismiss will be granted. Defendants' counterclaims will be dismissed under Rule 7012 and Civil Rule 12(b)(6) for failure to state a claim for relief.  Defendants will be granted leave to promptly file amended Counterclaims if they choose to do so.  A separate order will be entered.

Dated:  November 7, 2017

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 36