UNITED STATES BANKRUPTCY COURT
DISTRICT OF MONTANA

| | |
|---|---|
| **In Re:** | |
| **John H. Schneider** | **Bankruptcy Case** |
| Debtor. | No. 14-61357-JDP |
| Joseph V. Womack, Chapter 7 Trustee, | |
| Plaintiff and Counter-Defendant, | |
| vs. | Adv. Proceeding No. 17-00021- JDP |
| **John H. Schneider and Michelle Schneider,** | |
| Defendants and Counter-Claimants. | |

### MEMORANDUM OF DECISION

*Introduction*

On December 13, 2017, Plaintiff, chapter 7[1] trustee Joseph V.

---

[1] Unless otherwise indicated, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure, Rules 1–86.

MEMORANDUM OF DECISION – 1

Womack ("Trustee"), filed a Motion to Dismiss Amended Counterclaims. Dkt. No. 38. Counterclaimants, the chapter 7 debtor John H. Schneider ("Debtor"), and his spouse, Michelle R. Schneider (collectively referred to as "Defendants"), opposed the motion. Dkt. No. 40. On January 4, 2018, the Court conducted a video hearing concerning the motion, at which the parties appeared and presented oral argument. Dkt. No. 42. Having taken the issues under advisement, and having considered the pleadings, the parties' briefs and arguments, as well as the applicable law, this Memorandum sets forth the Court's disposition of the motion.

*Facts*

**A.     Procedural Background**

This Court previously dismissed Defendants' counterclaims, but granted leave to Defendants to amend some of them. Dkt. Nos. 31, 32. On November 27, 2017, Defendants filed amended counterclaims against Trustee alleging (1) breach of contract, (2) negligence, and (3) breach of covenant of good faith and fair dealing. Dkt. No. 35 at 10–12. Trustee's motion asks the Court to dismiss the counterclaims under Civil Rule

MEMORANDUM OF DECISION – 2

12(b)(6) for failure to state a claim. Dkt. No. 38. In their response to Trustee's motion, Defendants conceded that dismissal of their breach of contract claim and breach of covenant of good faith and fair dealing claim was appropriate. Dkt. No. 40 at 2. Therefore, to resolve the motion, the Court is left to decide only whether Defendants' Counterclaim Two against Trustee alleging negligence should be dismissed.

**B.     Alleged Facts**

Save for two paragraphs, Defendants alleged the same facts to support the amended counterclaim as in their original counterclaim. *Compare* Dkt. No. 7 at 6–15 *with* Dkt. No. 35 at 1–10. A full recitation of those facts can be found in the Court's Memorandum dismissing those counterclaims. Dkt. No. 31. In the "new" paragraphs, Defendants allege that "on or about 5/9/17 [Defendants] notified the trustee that he was in default of the settlement agreement and asked him to cure the default[.]" Amend. CC at 8, Dkt. No. 35. They also quote an email dated May 9, 2017, in which Defendants informed Trustee of their opinion that he was in breach of paragraph 11 of the AP 15-15 settlement agreement because

MEMORANDUM OF DECISION – 3

Meridian continued to pursue claims against Defendants that had been asserted in AP 15-15. *Id.* at 9. Defendants allege that, despite this notice to Trustee, and their demand that Trustee contact Meridian, Trustee failed to take the necessary action to cure the alleged default. *Id.* at 9.

### *Motion to Dismiss Standard*

As was explained in the Court's prior decision, Civil Rule 12(b)(6) applies in adversary proceedings. Rule 7012(b). The Supreme Court has explained the standard applicable to a Civil Rule 12(b)(6) motion as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *[Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

MEMORANDUM OF DECISION – 4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see also King v. Fed. Nat'l Mortg. Assoc. (In re King)*, 565 B.R. 429, 433–34 (Bankr. D. Mont. 2017); *Brandon v. Sherwood (In re Sann)*, 546 B.R. 850, 853–54 (Bankr. D. Mont. 2016). While "the tenet that a court must accept as true all of the allegations contained in a complaint . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

*Analysis and Disposition*

**A.    Judicial Notice**

On January 3, 2018, Trustee filed a Request for Judicial Notice, asking the Court to take judicial notice of the Order of Dismissal with Prejudice, dismissing Meridian's claims against Mr. Schneider in the Arbitration, and the Findings of Fact, Conclusions of Law and Interim Award, entered in the Arbitration. Dkt. No. 41. While the Court generally can not consider "extraneous" materials when evaluating a Rule 12(b)(6) motion to dismiss, it may consider documents incorporated by reference in the complaint (or here, in the counterclaim). *Nilsen v. Neilson*

MEMORANDUM OF DECISION – 5

*(In re Cedar Funding, Inc.)*, 419 B.R. 807, 821 (9th Cir. BAP 2009). A trial court may also take judicial notice of "another court's opinion . . . not for the truth of the facts therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *California Ex rel. RoNo, LLC v. Altus Finance S.A.*, 344 F.3d 920, 931 n.8 (9th Cir. 2003) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)); *see also* Fed. R. Evid. 201(b).

Based upon these authorities, the Court will grant Trustee's request and take judicial notice of both documents as requested by Trustee. The Findings of Facts, Conclusions of Law, and Interim Award were incorporated by reference by Defendants in their amended counterclaims. Amend. CC at 8. Moreover, both the Order of Dismissal with Prejudice and the Findings of Facts, Conclusions of Law, and Interim Award are not subject to dispute over their authenticity and, effectively, constitute the opinion of the arbitrator in those proceedings.

**B.    Dismissal of Counterclaim Two**

Defendants argue that Trustee's failure to take action to cure what

MEMORANDUM OF DECISION – 6

they allege was a default of the Meridian Settlement Agreement was negligent and constituted a breach of the duty of care owed to Mr. Schneider[2] as an intended third-party beneficiary of the Meridian Settlement Agreement.[3]  Trustee argues that Mr. Schneider is not a third-party beneficiary of his settlement with Meridian, and even if he was, Trustee did not owe him any duty to act beyond what was set forth in that agreement.   Mot. to Dismiss at 10, Dkt. No. 38.  The Court agrees with Trustee.

Under Montana Law, a "promise in a contract creates a duty in the promisor to any intended beneficiary to perform the promise, and the

---

[2] Counsel for Defendants conceded at the hearing that Mrs. Schneider could not maintain this claim because it is personal to Mr. Schneider.

[3] The amended counterclaim, along with the newly alleged facts, appear to base Defendants' negligence claim on Trustee's failure to cure what the Defendants assert was a breach of the AP 15-15 settlement.  Amend. CC at 11.  But Defendants made clear, through their brief and counsel's arguments at the hearing, that they instead base Counterclaim Two on what they allege was Trustee's negligent breach of a duty owed to Mr. Schneider as an intended third-party beneficiary of the Meridian Settlement Agreement.  Defs.' Br. at 3–4.  While this unfortunate tactic amounts to an inappropriate attempt to again amend the counterclaim, and is seemingly used to avoid defense of a meritless claim, to avoid further delay and costs, the Court elects to address Defendants' arguments in their brief on the merits.

MEMORANDUM OF DECISION – 7

intended beneficiary may enforce the duty." *Harman v. MIA Serv. Contracts*, 858 P.2d 19, 22 (Mont. 1993) (quoting the Restatement (Second) of Contracts, § 302 (1981)). However, even assuming for these purposes that Mr. Schneider is a third-party beneficiary of the Meridian Settlement Agreement, Counterclaim Two fails to state a claim for relief against Trustee and must be dismissed. The Meridian Settlement Agreement provided that Meridian would provide a full release only of "any and all prepetition claims that Meridian may have against John Henry Schneider and/or the John Henry Schneider Bankruptcy Estate." Defs.' Br. at 3 (citing Meridian Settlement Agreement at 3, ¶ 2(c)). The Order of Dismissal with Prejudice entered in the arbitration proceeding did just that. Dkt. No. 38-1. As a result of the Order of Dismissal, the entry of the Findings of Fact, Conclusions of Law, and Interim Award, included only Schneider Limited Partnership as the sole remaining party in the arbitration proceeding with Meridian. Dkt. No. 19-3, Case No. 17-00016-JDP. Second, even if Meridian somehow breached the settlement agreement, Trustee owed no duty to Mr. Schneider to attempt to force Meridian into compliance. Trustee made

MEMORANDUM OF DECISION – 8

no such promise in the Meridian Settlement Agreement upon which Mr. Schneider bases his claim in the amended counterclaim. Thus, Defendants have failed to state a claim against Trustee in Counterclaim Two and it will be dismissed.

C. **Dismissal With Prejudice**

While Civil Rule 15, incorporated herein by Rule 7015, provides that the Court should freely grant leave to amend a complaint "when justice so requires", a trial court may deny leave to amend a complaint (or counterclaim) if such an amendment would be futile or unduly prejudice the opposing party. *Tracht Gut, LLC v. Cty. of L.A. Treasurer and Tax Collector (In re Tracht Gut, LLC)*, 503 B.R. 804, 814–15 (9th Cir. 2014) (citations omitted).

This is Defendants' second attempt to state a claim for relief against Trustee. After dismissal of their prior claims, it appears to the Court that Defendants moved in the wrong direction. Defendants' decision to plead, and then not attempt to defend, dismissal of Counterclaims One and Two shows the Court that they should be dismissed with prejudice. As for

MEMORANDUM OF DECISION – 9

Counterclaim Two, it should also be dismissed with prejudice because amendment would be futile, and any further opportunity to amend would prejudice Trustee, and the bankruptcy creditors he represents. At bottom, after two attempts, Defendants have yet to plead facts that show that Trustee has either breached the Meridian Settlement Agreement, or violated any legal or contractual duty owed to Defendants.

## *Conclusion*

By separate order, Defendants' Amended Counterclaims, Dkt. No. 35, will all be dismissed with prejudice.

Dated: January 10, 2018

*[signature]*

Honorable Jim D. Pappas
United States Bankruptcy Judge